IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KENTREZ GRANT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:25-cv-00154-RP |
| | § | |
| DELTA AIR LINES, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

Defendant Delta Air Lines, Inc. files this Reply in Support of its Partial Motion to Dismiss (ECF No. 12), respectfully requesting that the Court dismiss Plaintiff Kentrez Grant's operative claims for (1) disparate-treatment race discrimination under Title VII, (2) race-based hostile work environment under Title VII, (3) disparate-treatment disability discrimination under the ADA, (4) failure-to-accommodate discrimination under the ADA, and (5) disability-based hostile work environment under the ADA. In support, Delta shows the Court as follows:

**I. DISCUSSION**

A. **Grant's new claims, allegations, and documentary exhibits are not properly before the Court.**

At the outset, Delta notes that Plaintiff's Response Re: Partial Motion to Dismiss (ECF No. 19) ("Response") contains many new claims and allegations not present in Grant's operative complaint,[1] as well as several newly included exhibits purporting to be documentary evidence. "As a general rule, claims and allegations that are not raised in the complaint, but raised for the

---

[1] While Grant has filed several complaints in this action, Delta's Partial Motion to Dismiss (ECF No. 12) and this Reply assume that Grant's "Unopposed Amended Complaint Jury Demanded" located at Docket Entry 10-2 is the live pleading.

1

first time in a response to a motion to dismiss are not properly before the court." *Peterson v. Lottery.com, Inc.*, No. 1:23-CV-646-RP, 2025 WL 356523, at *5 (W.D. Tex. Jan. 23, 2025), *report and recommendation adopted*, No. 1:23-CV-646-RP, 2025 WL 1010228 (W.D. Tex. Mar. 27, 2025) (citing *Middaugh v. InterBank*, 528 F. Supp. 3d 509, 535 (N.D. Tex. 2021)); *Esquivel v. United States*, No. DR-23-CV-066-AM-JAC, 2024 WL 5371989, at *3 (W.D. Tex. Nov. 19, 2024) (same); *7X Cattle Co. LLC v. Brandstadt*, No. 6:22-CV-00396-JDK-KNM, 2024 WL 4183301, at *3 (E.D. Tex. July 22, 2024), *report and recommendation adopted*, No. 6:22-CV-396-JDK-KNM, 2024 WL 3950677 (E.D. Tex. Aug. 27, 2024) (same); *Middleton v. Life Ins. Co. of N. Am.*, No. CIV.A H-09-CV-3270, 2010 WL 582552, at *5 (S.D. Tex. Feb. 12, 2010) ("Middleton's claim for breach of fiduciary duty under § 1132(a)(3) was not raised in her original complaint, but rather was raised for the first time in response to LINA's motion to dismiss. As such, it is not properly before this Court." (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir.1990))).

Here, Grant brings numerous claims and allegations in his Response that were not present in his operative complaint. For example, Grant appears to now assert a disparate-impact discrimination claim by alleging that Delta's employment practices disparately impacted certain employees who utilize the Department of Veterans Affairs' ("VA") healthcare system and who take certain medications. *See* ECF No. 19 at 7, 20. Further, he now alleges that the medication he took treated anxiety and insomnia, Delta denied his accommodation request by email, and an employee named Josue Roman replaced him in the seniority list—despite failing to include these allegations in any of his prior complaints. *See id*. at 7, 14, 15–16. Any allegation contained within Grant's Response that Grant failed to include in his operative complaint (or any other complaint he has filed) is not properly before the Court.

While a district court "*may* construe new allegations and theories in a response to a dispositive motion as a motion for leave to amend the complaint," such action is not appropriate here, as Grant has already amended his complaint five separate times in this action. *See Esquivel*, 2024 WL 5371989, at *3 (citing *Middaugh*, 528 F. Supp. 3d at 535) (emphasis in original). As such, Grant should not be allowed additional leave to amend.

Similarly, the Court should disregard all but one exhibit Grant attached to his Response. "The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments." *Walch v. Adjutant Gen.'s Dep't of Texas*, 533 F.3d 289, 293 (5th Cir. 2008); *see Lall v. Bank of New York Mellon*, No. 3:18-CV-0498-C, 2018 WL 10435262, at *2 (N.D. Tex. Apr. 12, 2018) ("In reviewing a motion to dismiss under Rule 12(b)(6), a district court must generally examine only the complaint and any attachments to the complaint." (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000))), *aff'd sub nom. Lall v. Bank of New York Mellon as trustee to JPMorgan Chase Bank, N.A.*, 783 F. App'x 375 (5th Cir. 2019).

A court may consider documents attached to a response to a motion to dismiss under Rule 12(b)(6) only if those documents are "explicitly referenced" in the complaint that the motion seeks to dismiss. *See United States ex rel. Sullivan v. Atrium Med. Corp.*, No. CV SA-13-CA-244-OLG, 2015 WL 13799759, at *6 (W.D. Tex. June 15, 2015), *report and recommendation adopted*, No. CVSA513CV244OLG, 2015 WL 13799754 (W.D. Tex. July 30, 2015) (in ruling on defendant's motion for judgment on the pleadings, court refused to consider exhibits attached to plaintiffs' response not explicitly referenced in operative complaint).

Here, the only exhibit attached to Grant's Response that is explicitly referenced in Grant's operative complaint is Exhibit T, an email Grant sent to various members of Delta leadership. *See* ECF No. 19-21 at 2; 10-2 at ¶ 5.13. Grant's operative complaint fails to reference any of the other

twenty exhibits attached to his Response. Accordingly, the Court cannot consider them in its review of Delta's Partial Motion to Dismiss.

### B. Grant fails to state a claim for unlawful discrimination.

As shown below, even if the Court were to consider Grant's newly raised allegations and newly included exhibits, Grant still fails to rebut Delta's arguments that he failed to state a claim upon which relief may be granted.

#### 1. Grant does not rebut Delta's arguments that Grant failed to state a claim of race discrimination.

First, while Grant alleges that "he suffered and witnessed trends of the Blacks/African Americans being the only employees terminated, openly disrespected, and harassed"—a claim not mentioned in his operative complaint—this allegation is immaterial to whether Grant himself suffered racial discrimination. *See* ECF No. 19 at 1. It is thus irrelevant.

Second, Grant's Response fails to plausibly allege he was replaced by a non-Black employee. While he claims that "he stated the person that replaced him at the time of his suspension and termination on the seniority list was a non-Black employee," he does not actually identify the employee who replaced him in performing his job after his termination. *See id*. at 12. Instead, he claims that an employee named Josue Roman replaced him in the *seniority list* (another claim Grant failed to raise in his operative complaint). *See id*. at 14. As it is unclear how the workings of the seniority list constitute an adverse employment action, this employee's identity does nothing to help Grant state a claim for disparate-treatment race discrimination based on his suspension or termination.

Third, Grant fails to allege similarly situated non-Black employees were treated more favorably. He alleges that an Asian-American female employee "ran over numerous cones" while passing a test Grant allegedly failed, but this employee is not a proper comparator, as Grant does

not allege that she also drove a motorized vehicle with the emergency brake engaged, the reason stated for Grant's allegedly unfair failing of the test.[2] *See id*. at 4, 11. He also vaguely suggests that non-African American employees were bad at their jobs, which obviously doesn't meet the strict requirements of identifying similarly situated employees. *See id*. at 12; *see Mueck v. La Grange Acquisitions, L.P.*, 75 F.4th 469, 484 (5th Cir. 2023) (employees alleging employment discrimination who proffer a fellow employee as a comparator must demonstrate "that the employment actions at issue were taken under nearly identical circumstances" (citing *Lee v. Kan. City S. Ry. Co*., 574 F.3d 253, 260 (5th Cir. 2009))). In fact, Grant concedes that "[t]here are no new employees in the group of new hires where Mr. Grant can make a comparison." *See* ECF No. 19 at 15. Accordingly, Grant fails to allege that Delta treated similarly situated non-Black employees more favorably.

Fourth, Grant's Response fails to explain how Grant has plausibly alleged race-based harassment. Grant adds to his allegation that an employee asked him if he was hazed in the military by noting that "[h]azing is a ritual that is done to all of the people going through an action. Not just the African American males . . . ." *See* ECF No. 10-2 at ¶ 5.5; ECF No. 19 at 6. By Grant's own words, hazing—let alone *asking about* hazing—has no connection to Grant's race. He thus fails to allege a hostile work environment based on race.

        2.    <u>Grant does not rebut Delta's arguments that Grant failed to state a claim of disability discrimination.</u>

Next, Grant's Response fails to cure the deficiencies in his disability discrimination claims. These claims should therefore be dismissed.

---

[2] Grant also seems to bring a new sex discrimination claim based on Delta's treatment of the female Asian-American employee. As explained above, this newly raised claim is not properly before the Court.

                a.       *Grant does not rebut Delta's arguments that he failed to plausibly allege he is disabled within the meaning of the ADA.*

Addressing Delta's arguments that Grant failed to allege he is disabled within the meaning of the ADA, Grant inserts several new allegations not raised in his operative complaint. As mentioned, the Court must disregard these allegations. But even if these allegations were properly before the Court, they still do not cure his pleading deficiencies.

Grant now alleges that he (1) takes medications for anxiety and insomnia, (2) suffers from Major Depression Disorder and Post Traumatic Stress Disorder, and (3) told Olive Brown and Brandon Cummings "of his medications and needed to be on the day shift to go to appointments." *See* ECF No. 19 at 7, 14, 15–16. These allegations still fail to reveal an impairment that substantially limits one of Grant's major life activities. Therefore, they fail to plausibly allege a qualifying disability. *See Smith v. McDonough*, No. SA-22-CV-01383-JKP, 2023 WL 5918322, at *7 (W.D. Tex. Sept. 8, 2023) (plaintiff who alleged he suffered from a "degenerative bone disorder" but not how it affected his daily life activities, his ability to work, or his need for an accommodation failed to state a claim).

Grant also attaches a 2019 "Progress Note" purporting to be diagnoses for his ailments and a letter from the VA stating that he has a "documented disability." *See* ECF No. 19-15 at 2–5; ECF No. 19-16 at 2. As explained above, the Court must disregard these documents as extrinsic evidence not explicitly referenced in Grant's operative complaint. *See United States ex rel. Sullivan*, 2015 WL 13799759, at *6. However, even if the Court chooses to consider these documents, they still do not help Grant plausibly allege he had a qualifying disability. The Progress Note is dated from September 13, 2019, and thus fails to show Grant was disabled within the meaning of the ADA during his employment in the summer of 2024. *See* ECF No. 19-15 at 2. And the VA letter merely states that Grant has a disability; it fails to reveal what the disability is or its

resulting limitations on a major life activity. *See* ECF No. 19-16 at 2. These documents, even if properly before the court, thus fail to cure Grant's pleading deficiencies.

Further, Grant adds to his allegations that he was falsely accused of hurting someone if he did not get his medications by alleging that he "heard conspiring acts of Chrisopher Joseph calling personnel in and trying create falsifying documents on the Plaintiff." *See* ECF No. 19 at 4. This only suggests that another actor was part of the accusation, not that Grant suffered a qualifying disability. What's more, Grant even admits that his supervisor "inquired on" those accusations, which demonstrates that Delta took prompt action to investigate and mediate any allegedly false accusations or rumors in the workplace. *See id*. at 5. Accordingly, Grant fails to plausibly allege he is disabled within the meaning of the ADA.

> b. *Grant does not rebut Delta's arguments that he fails to plausibly allege the necessary elements of disability-based discrimination or harassment.*

While Grant's Response does not address Delta's argument that Grant failed to plausibly allege that Delta took adverse action against him based on his disability, Grant does try to cure the pleading deficiencies in his failure-to-accommodate claim. Attempting to support his allegation that his accommodation request was denied "via the method emailed by Ms. Brown," Grant attaches as Exhibits G, H, and P documents purporting to reveal that Delta unlawfully denied reasonable accommodation requests. *See* ECF No. 10-2 at ¶ 5.8; ECF No. 19-8 at 2; ECF No. 19-9 at 2; ECF No. 19-17 at 2–3. However, these documents reveal only that Grant failed to complete his accommodation request in Delta's online system within the prescribed timeframe and was free to initiate another request if he wanted. *See* ECF No. 19-9 at 2. In any event, these exhibits are not properly before the Court.

Further, while Grant claims that "[p]ersonnel, regardless of their medical situation, have to go through an Accommodation Board that does not take their health or welfare into consideration,"

7

he fails to provide any supporting detail as to how the Accommodation Board interfered with his effort to seek a reasonable accommodation. *See* ECF No. 19 at 17. He also claims that "[v]eterans that utilize the VA healthcare system do not get the luxury of demanding accommodation paperwork, let alone in the middle of transferring from a different side of the state within 7 to 14 days." *See id*. This allegation fails to allege that Delta's actions played any role in the alleged breakdown of the interactive process. Indeed, Grant's own documentary evidence reveals that Grant himself failed to complete an accommodation request and that Delta invited him to initiate another one. *See* ECF No. 19-9 at 2. Accordingly, Grant still does not plausibly allege that Delta denied a proposed accommodation for any known limitations of an alleged disability.

Additionally, Grant's Response does not help him allege a *prima facie* case of disability-based harassment because he still fails to allege that any workplace conduct was based on his disability and was either severe or pervasive. He elaborates on his allegation that Christopher Joseph escorted him to a parking lot by noting that the referenced parking area was designated for handicap employees. *See* ECF No. 10-2 at ¶ 5.12; ECF No. 19 at 6. Obviously, absent extraordinary circumstances, a coworker escorting an employee to a handicap parking lot does not amount to a hostile work environment based on disability. Further, Grant's Response still does not allege that Delta failed to take corrective action based on any purported harassment. Accordingly, Grant fails to state a claim for disability-based harassment.

    **C.**    **The Court should dismiss Grant's claims with prejudice.**

Finally, Grant's Response fails to rebut Delta's argument that the Court should dismiss Grant's claims with prejudice because Grant has had multiple opportunities to plead his best case. Grant requests mercy by citing that his pleading deficiencies are due to his *pro se* status, his lack of sleep, and "missing medication timelines." *See* ECF No. 19 at 21. While Delta understands that Grant lacks the aid of legal counsel, Grant has deliberately chosen to proceed *pro se*, and "*pro se*

status does not excuse Plaintiffs from knowing and following procedural requirements." *See Herrmann v. Pointer*, No. 5:24-CV-0764-JKP-HJB, 2024 WL 5397296, at *1 (W.D. Tex. Dec. 2, 2024) (citing *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013)). And while Delta is sympathetic that Grant may have issues in his personal life, these are not adequate justification for his repeated failures to comply with federal pleading standards. In sum, the Court should dismiss Grant's claims with prejudice.

## II. CONCLUSION

For the foregoing reasons, Delta respectfully requests that this Court dismiss, with prejudice, Grant's claims for (1) disparate-treatment race discrimination, (2) race-based hostile work environment, (3) disparate-treatment disability discrimination, (4) failure-to-accommodate discrimination, and (5) disability-based hostile work environment, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: April 9, 2025

Respectfully submitted,

*/s/ Celeste R. Yeager*
Celeste R. Yeager
Texas State Bar No. 00797715
cyeager@littler.com
Josh K. Ordiway
Texas State Bar No. 24126538
jordiway@littler.com

LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, TX 75201
Telephone:  214.880.8100
Facsimile:  214.880.0181

**ATTORNEYS FOR DEFENDANT DELTA AIR LINES, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that on April 9, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, and electronically served same using the Case Management/Electronic Case Filing (CM/ECF) system of the Court. I further certify that a true and correct copy of the foregoing was served upon *pro se* Plaintiff Kentrez Grant via e-mail at kentrez_78@yahoo.com and USPS at

4516 Burleson Road, #17848<br>Austin, Texas 78744

                                            */s/ Josh Ordiway*
                                            Josh Ordiway