**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **KENTREZ GRANT** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| -vs- § | Case No.: 1:25-CV-00154ADA |
| § | |
| **DELTA AIR LINES, INC.,** § | |
| § | |
| **Defendant.** § | |

**PLAINTIFF'S: INTERROGATORIES of DEFENDANT**

The PLAINTIFF, KENTREZ ANTHONY GRANT, requests that the DEFENDANT, Delta Air Lines, Inc. through the appropriate representative(s) respond to the following interrogatories. You are required to answer these interrogatories separately and fully in writing, under oath. You are required to respond to these interrogatories no later than thirty (30) calendar days after receipt of these interrogatories, to the undersigned at 4516 Burleson Rd #17848 Austin, TX 78744 and electronically at kentrez_78@yahoo.com.

**INSTRUCTIONS**

    A. Each Interrogatory is to be answered fully on the basis of information which is in your possession.

    B. In each of your answers to these Interrogatories, you are requested to provide not only such information as is in your possession, but also information as is reasonably available. In the event that you are able to provide only part of the information called for by any particular Interrogatory, please provide all the information you are able to provide and state the reason for your inability to provide the remainder.

    C. If you object to or otherwise decline to answer any portion of an Interrogatory, please provide all information called for by that portion of the Interrogatory to which you do not object or to which you do not decline to answer. For those portions of an Interrogatory to which you object or to which you do not decline to answer, state the reason for such objection or declination.

D. Every Interrogatory herein shall be deemed a continuing interrogatory and information in addition to or in any way inconsistent with your initial answer to such Interrogatory. E. If any of the following Interrogatories can be answered fully and completely simply by referring to an exhibit number, page, and paragraph of the investigative file compiled by the Agency and furnished to the Complainant by the Agency in connection with this administrative complaint of discrimination, such references, if adequately identified to inform the Complainant as to your response will serve as a satisfactory response to such Interrogatory.

## DEFINITIONS

A. "Complainant" means Jane Doe.

B. "Delta," "you," "your," or "yourself," means the Defendant in this case, and any and all of its agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any other persons or entities acting or purporting to act on behalf of Delta Air Lines, Inc.

C. "Person", "persons," "people", and "individual" means any natural person, together with all federal, state, county, municipal and other government units, agencies or public bodies, as well as firms, companies, corporations, partnerships, proprietorships, joint ventures, organizations, groups of natural persons or other associations or entities separately identifiable whether or not such associations or entities have a separate legal existence in their own right.

D. "Document," "documents," and "writing" means all records, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following; books; records; reports; contracts; agreements; expense accounts; canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra- office communications; photostats; photographs; microfilm; maps; drawings; diagrams; sketches; analyses; electromagnetic records; transcripts; and any other documents within defendant's possession, custody or control from which information can be obtained or

translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English prose.

E. "Communication" or "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes telegrams, facsimiles, electronic mail, memoranda, or other forms of communications, including but not limited to both oral and written communications.

F. "Produce" and "provide" mean to provide either a legible true copy of the original or any document and/or communication.

G. "Relate to," "relating to," "concerning," "pertain," and "pertaining to," mean consisting of, referring to, reflecting or arising out of, evidencing or in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

H. "Identify," "identifying," and "identification" when referring to a person mean to provide an identification sufficient t notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation, home and business telephone number, title or occupation, each of his or her positions during the applicable period of time covered by any answer referring to such person and relationship, if any, to the agency.

I. "Identify," "identifying," and "identification" when used in reference to a writing or document mean to give a sufficient characterization of such writing or document to properly identify it in a request to produce and shall include, without limitation, the following information with respect to teach such document:

   1. The date appearing on such document, and if it has no date, the answer shall so state and shall give the date or approximate date such document was prepared;

   2. The identity or descriptive code number, file number, title or label of such document;

   3. The general nature and description of such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;
   4. The names of the person(s) to whom such docum1ent was

    addressed and the name of each person other than such addressee to whom such document or copies of it, were given or sent;

5. The name(s) of the person(s) having present possession, custody, or control of such document(s); and

6. Whether or not any draft, copy or reproduction of such document contains any postscripts, notations, changes or addendum not appearing on the document itself, and if so, the answer shall give the description of each such draft, copy or reproduction.

J. Subject position – Subject position is the Customer Service Agent (CSA)-Ramp Agent position known as RTSM/LDD Scheduler within Below-Wing Operations at Austin Station, Delta Air Lines, Inc.

In answering these interrogatories, the agency is requested to furnish not only such information as is available to the agency but also such information as is known to any of the agency's agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any other person or entity acting or purporting to act on behalf of the agency.

In any matter responsive to any of the interrogatories the agency shall set forth completely the grounds for the asserted privilege, along with copies of the Privacy Act provisions or other written materials upon which such assertion is made. The Defendant shall identify as to each privileged communication or document:

1. its date;

2. its author(s);

3. the business title or position of its author(s);

4. its recipient(s);

5. the business title or position of its recipient(s);

6. its number of pages;

7. its stated subject matter;

8. the legal basis upon which the agency claims privilege;

9. the specific portion of the interrogatory or document to which the communication or document is responsive.

Documents are to be labeled to indicate the interrogatory to which they respond. In order to simplify the issues and resolve as many matters of fact as possible before hearing, if, following a reasonable and thorough investigation using due diligence, you are unable to answer any interrogatory, or any part thereof, in full, because sufficient information is not available to you, answer the interrogatory to the maximum extent possible, including any knowledge or belief you have concerning the unanswered portion thereof and the facts upon which such knowledge or belief is based. In addition, state what you did to locate the missing information and why that information is not available to you.

When an exact answer to an interrogatory is not known, state the best estimate available, state that it is an estimate, and state the basis for such estimate.

If documents once in your possession or under your control are requested or are the subject of an interrogatory, and such documents are no longer in your possession or under your control, state when such documents were must recently in your possession or under your control, and what disposition was made of them, including identification of the person now in possession of or exercising control over such documents. If the documents were destroyed, state when and where they were destroyed, and identify the person or persons who directed their destruction.

All of the following interrogatories shall be continuing in nature until the date of the hearing, and you must supplement your answers as additional information becomes known or available to you.

**NOTE**

**IF ANY INTERROGATORY OR REQUEST IS OBJECTIONABLE, PLEASE CALL PLAINTIFF BEFORE OBJECTING, IN ORDER TO ATTEMPT TO NARROW THE QUESTION OR AVOID THE OBJECTIONABLE PORTION OR ASPECT.**

**IDENTIFY ALL DOCUMENTS ASSOCIATED WITH EACH INTERROGATORY.**

**PLAINTIFF'S INTERROGATORIES**

1. Identify all persons answering or supplying information used in answering these Interrogatories.

2. State the name, address, and business telephone number of each person with personal knowledge regarding the facts and circumstances surrounding the happenings of the occurrences referred to in the complaint.

3. State and describe in detail all evidence including documents, affidavits and/or statements which you intend to rely, or submit at the hearing.

4. Identify all individuals who had input into the decision to terminate Kentrez Grant and to select the Selectee, _____.

5. Did Kentrez Grant ever damage any equipment while employed with Delta Air Lines, Inc.?

6. Explain fully the safeguards used, if any, to protect against possible or potential bias or discriminatory actions prohibited by law in the selection process for employment and termination.

7. Identify Accommodation Board members and personnel that made decisions on Kentrez Grant request for Accommodation during August 1, 2024 to September 27, 2024.

8. What is the policy for an employee that needs accommodations but a provider cannot be reached in 7 days or less?

9. List in detail all reasons that Kentrez Grant was terminated.

10. List all information relied upon by all the managers and the selecting officials in the termination of Kentrez Grant.

11. Please list all information relied upon by all the managers and selecting officials to not accommodate or discuss issues with accommodation for Kentrez Grant.

12. What is NAVEX EthicsPoint report key 611523383501 Password (it was supposed to be provided by the administrator)?

13. Were all Delta policies, rules and procedures in the termination process followed? If not, please state: (a) each policy, rule or procedure not followed; (b) the individual failing to follow the rule, procedure or policy; and (c) the reason for the rule, procedure or policy having been violated.

14. Under what legal authority (rule, procedure or policy) was the termination of Kentrez Grant based on?

15. Identify timeline Brandon Cummings supervised Kentrez Grant.

16. Identify timeline Christopher Joseph supervised Kentrez Grant.

17. Were any supervisors, directors, or C-Suite Officers aware of the issues and the complaint Kentrez Grant filed with the EEOC (July 27, 2024) on or before August 8, 2024?

18. Did Kentrez Grant have any negative infractions in his performance records before August 8, 2024?

19. Within the previous 1 year, identify all employees terminated under the direct supervision of Christopher Joseph. State the individual's name, gender, title and ethnicity.

20. List all charges, investigations and complaints of **ANY** discrimination or wrongful termination filed in the last 5 years against anyone who had input in the final decision of who to promote, select, or terminate within the Austin Station of Delta Air Lines, Inc.

21. Documents and information for any insurance agreement which may be used for indemnification or reimbursement purposes.

22. Provide a copy of the October 2021 Delta Ramp Procedures and the most current edition of the Delta Ramp Procedures.

23. List all employees terminated from the Austin Station, Delta Air Lines, Inc. within the last two years state their ethnicity, race, gender, and whether protected under ADA.

24. What timeframes Ryan Langel has been /was employed with Delta Air Lines, Inc.?

25. Do properly operational belt loaders move while the emergency brake is engaged without pressing the accelerator?

Dated: **May 21, 2025**                                              Respectfully Submitted,

/s/ KENTREZ GRANT
Kentrez Grant
(Pro Se)
4516 Burleson Rd.
#17848
Austin, TX 78744
Telephone: (254) 458-9661
kentrez_78@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 21, 2025**, I electronically submitted the foregoing document with the clerk of the Court for the U.S. District Court, Western District of Texas, and electronically served same using the Case Management/Electronic Case Filing (CM/ECF) system of the Court. I further certify that a true and correct copy of the foregoing was served upon ATTORNEYS FOR DEFENDANT DELTA AIR LINES, INC.:

Celeste R. Yeager at email cyeager@littler.com and Josh K. Ordiway at jordiway@littler.com and mailed via USPS at:

LITTLER MENDELSON, P.C.

2001 Ross Avenue, Suite 1500

Dallas, TX 75201

  /s/ *KENTREZ GRANT*
Kentrez Grant
(Pro Se)
4516 Burleson Rd.
#17848
Austin, TX 78744
Telephone:(254)458-9661
kentrez_78@yahoo.com