## RE: Kentrez Grant v. Delta Air Lines, Inc. - Request for Disclosures and Interrogatories

| | |
|---|---|
| From: | Ordiway, Josh (jordiway@littler.com) |
| To: | kentrez_78@yahoo.com |
| Cc: | cyeager@littler.com; sheilacollins757@gmail.com |
| Date: | Wednesday, May 28, 2025 at 01:08 PM CDT |

Mr. Grant,

Delta notes your opposition to its Motion to Stay Discovery and will file it as opposed. Delta is opposed to the relief you seek below.

Best,
Josh

**Josh Ordiway**
Attorney at Law
512.982.7256 direct, 737.977.4962 mobile
JOrdiway@littler.com



Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
100 Congress Avenue, Suite 1400, Austin, TX 78701

-------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

**From:** Kentrez Grant <kentrez_78@yahoo.com>
**Sent:** Wednesday, May 28, 2025 12:17 PM

**To:** Ordiway, Josh <JOrdiway@littler.com>
**Cc:** Yeager, Celeste <CYeager@littler.com>; Sheilacollins757 <sheilacollins757@gmail.com>; Kentrez Grant <kentrez_78@yahoo.com>
**Subject:** RE: Kentrez Grant v. Delta Air Lines, Inc. - Request for Disclosures and Interrogatories

Mr.Ordiway,

There are the issues of conflicts of interest obviously and other subliminal matters that need to be addressed.

There are concerns of the Hon. Albright having a personal relationship i.e. mentor or a "lawyers judge", which would explain biases (documents word for word The court and your filings) and the fact the case was removed from a judge that definitely would know what discrimination looks like from personal experience. All the awkward matters with this case seem very convenient for your client.  I will agree for a stay of discovery in return for an agreement of a stay on your Motoin to dismiss for a Stay for a decision on a  2nd Motion of Disqualification and recusal of the Hon. Alan D. Albright.

I am filling another motion for recusal and a stay.  Does your client oppose? I also am filing a motion to compel for the information that was due since April 10, 2025. The Insurance Information and the information for the witnesses to receive an subpoena if necessary.

Thank you for your time. Be blessed

Respectfully,

Kentrez Grant
SFC (Ret.), USA
PH: (254) 458-9661
Email: kentrez_78@yahoo.com

Although He slay me yet will I trust Him.

> On Wed, May 28, 2025 at 11:40 AM, Ordiway, Josh <JOrdiway@littler.com> wrote:
>
>> Mr. Grant,

Attached is a draft of the Motion to Stay Discovery that I plan to file. I just want to confirm one more time that you are opposed to this motion. When you get a minute, please let me know.

**Josh Ordiway**

Attorney at Law

512.982.7256 direct, 737.977.4962 mobile

JOrdiway@littler.com



Labor & Employment Law Solutions | Local Everywhere

100 Congress Avenue, Suite 1400, Austin, TX 78701

**From:** Ordiway, Josh
**Sent:** Tuesday, May 27, 2025 5:01 PM
**To:** Kentrez Grant <kentrez_78@yahoo.com>
**Cc:** Yeager, Celeste <CYeager@littler.com>; Sheilacollins757 <sheilacollins757@gmail.com>
**Subject:** RE: Kentrez Grant v. Delta Air Lines, Inc. - Request for Disclosures and Interrogatories

Mr. Grant,

Thank you for your response. I will file the motion as opposed.

Best,
Josh

**Josh Ordiway**

Attorney at Law

512.982.7256 direct, 737.977.4962 mobile

JOrdiway@littler.com



Labor & Employment Law Solutions | Local Everywhere

100 Congress Avenue, Suite 1400, Austin, TX 78701

**From:** Kentrez Grant <kentrez_78@yahoo.com>
**Sent:** Tuesday, May 27, 2025 4:31 PM
**To:** Ordiway, Josh <JOrdiway@littler.com>
**Cc:** Yeager, Celeste <CYeager@littler.com>; Sheilacollins757 <sheilacollins757@gmail.com>
**Subject:** RE: Kentrez Grant v. Delta Air Lines, Inc. - Request for Disclosures and Interrogatories

Hello Mr. Ordiway,

I do not consent. I object to the stay for a decision of the Motion to Dismiss. A motion to stay for change of Judge would be the only reason I agree to a Stay. Your client has not provided any information for the most part. I have been making disclosures and providing transparency. This leaves me with no choice. I understand. All I can do is try. Your client withholding information does cause unnecessary burden on my case. This also proves the fact acting section 1981 does not impact your client in a negative manner. It does impact me negatively not allowing full reimbursement for damages I've suffered. Either way... this disclosures were supposed to have been made as of April 10, 2025. I tried to give you time. Being over cooperative is not helping me at all. Thank you and I know what to do now. Some of those disclosures were to have been made by April 10, 2025.

Yahoo Mail: Search, Organize, Conquer

> On Tue, May 27, 2025 at 4:15 PM, Ordiway, Josh <JOrdiway@littler.com> wrote:
>
>> Mr. Grant,
>>
>> We have received the discovery requests that you filed with the court and your requests below. Please recall that Delta recently filed its Third Motion to Dismiss. If the court grants Delta's motion, your claims in this lawsuit will likely be dismissed, and these requests will be moot. Therefore, Delta respectfully requests your agreement to stay all proceedings pending the court's ruling on Delta's Third Motion to Dismiss.
>>
>> There is ample authority to support a stay at this juncture. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Amer. Co.*, 299 U.S. 248, 254 (1936). "The factors courts typically

consider when determining whether to grant a stay include: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set." *GreatGigz Sols., LLC v. CHRISTUS Health*, No. 6:21-CV-01310-ADA, 2022 WL 22869797, at *2 (W.D. Tex. Sept. 12, 2022).

Here, a stay will prejudice neither you nor Delta, as discovery can simply resume if the court denies Delta's Third Motion to Dismiss. A stay could also simplify the issues: If the court grants in part and denies in part Delta's motion, the scope of discovery will be narrowed. Finally, discovery has just begun, and a trial date has not been set. Accordingly, a stay is appropriate.

Further, Local Rule AT-4(b) states that "the court expects a lawyer to grant other lawyers' requests for reasonable extensions of time to respond to discovery, pretrial motions, and other pretrial matters. Opposing such requests wastes resources, unless the client's legitimate interests will be adversely affected."

In the spirit of these rules, I respectfully ask for your consent to file a Motion to Stay Proceedings. If you consent, I will circulate a draft. If not, I will file the motion as opposed.

Best,
Josh

**Josh Ordiway**
Attorney at Law
512.982.7256 direct, 737.977.4962 mobile
JOrdiway@littler.com



Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
100 Congress Avenue, Suite 1400, Austin, TX 78701

**From:** Kentrez Grant <kentrez_78@yahoo.com>
**Sent:** Tuesday, May 27, 2025 3:44 PM
**To:** kentrez_78@yahoo.com; Ordiway, Josh <JOrdiway@littler.com>
**Cc:** Yeager, Celeste <CYeager@littler.com>; Sheilacollins757 <sheilacollins757@gmail.com>

**Subject:** Re: Kentrez Grant v. Delta Air Lines, Inc. - Request for Disclosures and Interrogatories

Mr. Ordiway,

I also wanted my employment contract and all email correspondence between myself and your client's staff /employees. This ensures transparency of course.

At minimum the ones I have referenced throughout the ECMF.

Thank you for your time. Be Blessed.


Respectfully,


Kentrez Grant
SFC (Ret.), USA
PH: (254) 458-9661
Email: kentrez_78@yahoo.com

Although He slay me...yet will I trust Him


> On Tue, May 27, 2025 at 3:29 PM, Kentrez Grant <kentrez_78@yahoo.com> wrote:
>
>> Hello Mr. Ordiway,
>>
>> I have not received the Initial Disclosure information needed for the case in accordance with FRCP Rule 26 nor the information stated on the email dated for April 10, 2025.
>>
>> 1) The witness information list has your firm contact information. I was never informed of you all representing the witnesses. Their information will be needed in case of the necessity of subpoenas as well as the other employees on the witness list I provided. I more than likely will down size my list of witnesses as necessary for the case.

2) The Insurance Information.
"(iv) for inspection and copying as under Rule 34 , any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."

"Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv), Defendant responds that it has
EPLI coverage with a high deductible. However, based upon the facts alleged by Plaintiff, Delta
does not believe that the policy could be implicated in this action."

This is inadequate to the rule and therefore needs to be addressed. The information is not optional to my understanding.

3) The never provided information below is also crucial in deciding the substance of the case:
a. All pleadings on file with the Court in connection with this action;
b. Non-privileged documents relating to Plaintiff's employment with Delta, including
his personnel file, attendance, and payroll records;
c. Non-privileged documents relating to any investigation of complaints made by or
against Plaintiff;
d. Non-privileged documents relating to any request(s) for accommodation made by
Plaintiff;
e. Non-privileged documents relating to the Plaintiff's termination by Delta;
f. Relevant Delta policies and procedures;
g. Non-privileged communications, including electronic communications, regarding
Plaintiff's employment, Plaintiff's discipline, Plaintiff's alleged discrimination
h. Non-privileged documents relating to Plaintiff's alleged damages, including compensation and benefits documents.

I need the information before the decision on your Third Motion to Dismiss. I have filed a request for documents and interrogatories. All of these actions are delayed due to no official answer, no scheduling order, and awkward issues with the handling of this case.  We don't have a Scheduling Order and as can be seen, the court deputy has not responded to my emails making it difficult to get on the Court's calendar.

I need cooperation on the discovery process to alleviate any unnecessary cost or adverse penalties on either party.

Thank you for your time. Be Blessed.


Respectfully,


Kentrez Grant
SFC (Ret.), USA
PH: (254) 458-9661
Email: kentrez_78@yahoo.com

Although He slay me...yet will I trust Him


-------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

-------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.