IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **KENTREZ GRANT** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CIVIL ACTION NO. 1:25-cv-00154-ADA** |
| § | |
| **DELTA AIR LINES, INC.** § | |
| § | |
| **Defendant.** § | |
| § | |

**DEFENDANT'S MOTION TO STAY DISCOVERY**

Defendant Delta Air Lines, Inc. files this Motion to Stay Discovery and respectfully shows as follows:

On April 21, 2025, the Court allowed Plaintiff Kentrez Grant "one final opportunity to replead with specificity" the claims he has asserted in this action. *See* ECF No. 28 at 11. On May 6, 2025, Grant filed his "Second Amended Complaint." *See* ECF No. 35-2 at 2. On May 20, 2025, Delta filed its Third Motion to Dismiss, which seeks dismissal of all claims asserted in Grant's Second Amended Complaint. *See* ECF No. 37. Should the Court grant Delta's motion in whole or in part, Grant's lawsuit could be dismissed or the claims narrowed. However, Grant has since served written discovery requests on Delta on all claims asserted. Accordingly, Delta respectfully requests that the Court stay all discovery, including by suspending all discovery deadlines, pending the Court's ruling on Delta's Third Motion to Dismiss.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Amer. Co.*, 299 U.S. 248, 254 (1936). "The factors courts typically consider when determining whether to grant a stay include: (1) whether a stay would

unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set." *GreatGigz Sols., LLC v. CHRISTUS Health*, No. 6:21-CV-01310-ADA, 2022 WL 22869797, at *2 (W.D. Tex. Sept. 12, 2022) (quoting *In re Trustees of Bos. Univ. Patent Cases*, No. CV 13-12327-PBS, 2014 WL 12576638, at *2 (D. Mass. May 16, 2014)). Courts also consider "the hardship and inequity to the moving party if the action is not stayed." *See Bilberry v. JPMorgan Chase Bank, N.A.*, No. 1:20-CV-470-RP, 2021 WL 536440, at *1 (W.D. Tex. Jan. 13, 2021) (citing *La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*, Civ. A. No. 09-CV-235, 2009 WL 926982, at * 1 (E.D. La. Apr. 2, 2009)).

Here, a stay will prejudice neither Grant nor Delta. Rather, a stay helps avoid unnecessary expense and burden for both parties. The day after Delta filed its Third Motion to Dismiss, Grant propounded written discovery requests upon Delta via the Court's Case Management/Electronic Case Filing (CM/ECF) system. *See* ECF No. 39. Under the Federal Rules of Civil Procedure, Delta must serve its responses by June 20, 2025. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Requiring Delta to respond to these requests while a dispositive motion remains pending constitutes a potential waste of resources.

Should the Court grant Delta's Third Motion to Dismiss, then conducting discovery will prove unnecessary. In that event, incurring the expense of collecting documents and information and serving written responses constitutes hardship and inequity to Delta. Should the Court deny Delta's Third Motion to Dismiss, discovery can simply resume. Further, a stay could help simplify the contested issues. If the Court partially grants Delta's Third Motion to Dismiss, the scope of discovery could be narrowed to the claims that remain.

Finally, discovery has just begun, a Scheduling Order has not been entered, and a trial date has not been set. Considering this stage of the litigation, a stay of discovery is appropriate. *See Bilberry*, 2021 WL 536440, at *2 (finding stay appropriate where motion to stay was filed before court ruled on a pending motion to dismiss); *Dwyer v. USAA Sav. Bank*, No. SA-17-CA-252-FB, 2017 WL 7805760, at *1 (W.D. Tex. Nov. 21, 2017) ("A stay is generally appropriate if the motion for a stay is made early in the proceedings and a stay is unlikely to prejudice the plaintiff.").

For these reasons, Delta respectfully requests the Court stay all discovery, including by suspending all discovery deadlines, pending disposition of Delta's Third Motion to Dismiss.

Dated: May 30, 2025

Respectfully submitted,

*/s/ Celeste R. Yeager*
Celeste R. Yeager
Texas Bar No. 00797715
cyeager@littler.com
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, Texas 75201.2931
Telephone:    214.880.8100
Facsimile:    214.880.0181

Josh K. Ordiway
Texas Bar No. 24126538
jordiway@littler.com
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone:    512.982.7250
Facsimile:    512.982.7248

**ATTORNEYS FOR DEFENDANT DELTA AIR LINES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, and electronically served same using the Case Management/Electronic Case Filing (CM/ECF) system of the Court. I further certify that a true and correct copy of the foregoing was served upon the following via e-mail and USPS mail:

Kentrez Grant
4516 Burleson Road, #17848
Austin, Texas 78744
Kentrez_78@yahoo.com

*Pro Se Plaintiff*

*/s/ Josh K, Ordiway*
Celeste R. Yeager
Josh K. Ordiway

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 27, 2025, the undersigned emailed Plaintiff Kentrez Grant, cited applicable authorities, and requested Plaintiff's consent to a stay pending disposition of Delta's Third Motion to Dismiss. Plaintiff indicated he was opposed to Delta's request.

*/s/ Josh K. Ordiway*
Celeste R. Yeager
Josh K. Ordiway