IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **KENTREZ GRANT,** § § § | |
| **Plaintiff,** § § | |
| v. § § | **CIVIL ACTION NO. 1:25-cv-00154-ADA** |
| **DELTA AIR LINES, INC.,** § § § | |
| **Defendant.** § § | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S INITIAL DISCLOSURES

Defendant Delta Air Lines, Inc. files this Response to Plaintiff's Motion to Compel Defendant's Initial Disclosures ("Motion to Compel"). *See* ECF No. 40. Although Delta has filed a Motion to Stay Discovery (ECF No. 41), Delta nonetheless files this Response out of an abundance of caution.

Plaintiff Kentrez Grant filed his Motion to Compel "to receive the mandatory initial disclosure documents and information that was not released based on the Defendant's Initial Disclosures emailed to the Plaintiff on April 10, 2025." *See* ECF No. 40 at 3. Essentially, Grant finds inadequate the Initial Disclosures Delta served on April 10, 2025, pursuant to Federal Rule of Civil Procedure 26(a)(1), even claiming that Delta "never provided" any of the initial disclosures that he needs. *Id*. at 4. Grant thus asks the Court to order Delta to "properly disclose their initial disclosures." *Id*. at 8.

Delta's Initial Disclosures fully comply with all four subparts of Federal Rule of Civil Procedure 26(a)(1)(A). The Initial Disclosures contain contact information for each individual likely to have discoverable information (along with the subjects of that information); a description by category of documents, electronically stored information, and tangible things that Delta may

use to support its defenses; a statement that Delta does not seek damages from Grant, other than prevailing party attorneys' fees; and a statement that Delta has Employer Practices Liability Insurance coverage with a high deductible unlikely to be implicated in this action. *See* ECF No. 40-5 at 2–4. Accordingly, Delta has properly served initial disclosures.

Grant's true grievance, it seems, is that Delta's initial disclosures did not include production of a tailored list of documents that Grant desires: "Mr. Grant's employment contract, email correspondence with C Suite Officers, emails pertaining to Mr. Grant's accommodations, Mr. Grant evaluations, access to all reports pertaining to Mr. Grant job performance, evaluations pertaining to Mr. Grant as an employee at Delta Air Lines, Inc., witness contact information, names and titles of confidential documents, the NAVEX Ethics Point Access Code for a Report Mr. Grant never created, and all of Mr. Grant's Pay information." *See* ECF No. 40 at 5.

However, "Rule 26(a)(1) does not require production of documents but merely allows for production in lieu of a description." *Salinas v. O'Reilly Auto., Inc.*, No. 3:04-CV-1861-B, 2005 WL 8158373, at *2 (N.D. Tex. Jan. 5, 2005) (citations omitted). "If a party provides only a description of documents, the other party is 'expected to obtain the documents desired by proceeding under Rule 34 or through informal requests.'" *Id*. (citing FED. R. CIV. P. 26(a)(1) advisory committee's note (1993 amendments)) (denying plaintiff-employee's motion to compel initial disclosures where defendant-employer's initial disclosures included descriptions of documents). Accordingly, Grant's request for specific documents is more appropriate for a request under Federal Rule of Civil Procedure 34—not a motion to compel.[1]

In sum, because Delta has complied with all requirements of Federal Rule of Civil Procedure 26(a)(1)(A), the Court should deny Grant's Motion to Compel.

---

[1] Similarly, the five new interrogatories Grant inserts into his Motion to Compel (that he did not previously propound) are more appropriate for a request under Rule 33.

Dated: June 6, 2025

Respectfully submitted,

*/s/ Celeste R. Yeager*
Celeste R. Yeager
Texas Bar No. 00797715
cyeager@littler.com
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, Texas 75201.2931
Telephone:    214.880.8100
Facsimile:     214.880.0181

Josh K. Ordiway
Texas Bar No. 24126538
jordiway@littler.com
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone:    512.982.7250
Facsimile:     512.982.7248

**ATTORNEYS FOR DEFENDANT
DELTA AIR LINES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, and electronically served same using the Case Management/Electronic Case Filing (CM/ECF) system of the Court. I further certify that a true and correct copy of the foregoing was served upon the following via e-mail and USPS mail:

Kentrez Grant
4516 Burleson Road, #17848
Austin, Texas 78744
Kentrez_78@yahoo.com

*Pro Se Plaintiff*

*/s/ Celeste R. Yeager*
Celeste R. Yeager