## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **KENTREZ GRANT** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Civil Action No. 1:25-CV-00154-ADA** |
| | § | |
| **DELTA AIR LINES, INC.** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

### PLAINTIFF'S REPLY to RESPONSE OF PLAINTIFF'S MOTION to COMPEL Re- DEFENDANT'S INITIAL DISCLOSURES

The Plaintiff, Kentrez Grant (Mr. Grant), files this Reply to Response of Plaintiff's Motin to Compel Re: Defendant's Initial Disclosures (ECF No. 40), respectfully requesting that the Court compels the Defendant, Delta Air Lines, Inc. (Delta) to disclose the initial disclosures, DENY the  Motion to Stay All Discovery (ECF No. 41) and impose a Scheduling Order reflecting a time and date for the completion of disclosures before a decision on the Defendant's "Third" Motion to Dismiss,  The Defendant had: a Motion to Dismiss (ECF No. 5) a Partial Motion to Dismiss (ECF No. 12), Reply in Support of Partial Motion to Dismiss (ECF No. 23 ) and "Third" Motion to Dismiss (ECF No. 37) The Defendant filed a Motion to Stay Discovery (ECF No. 41) to delay further and avoid providing initial disclosures.  The Plaintiff has at least attempted to offer numerous disclosures, which will be declared in this reply. In response, Mr. Grant presents to the Court as follows:

## I. DISCUSSION

### A.  Delta refusing to properly participate in the 26(f) and Violation of Rule 37

At the outset, Delta has refused to make initial disclosures since August 16, 2024. Mr. Grant has attempted to retain information about his termination of employment. There has been no cooperation of any form of disclosure from Delta besides the one to signal a large investment organization is the highest stockholder for Defendant. The same organization is the highest investor for many corporations, including those with political insight within the United States. It

1

appears the disclosure was an insight for those who may be familiar with the subliminal meaning of the number "1433". Delta's refusal to make any initial disclosures, which are mandatory in all civil cases according to Federal Rules of Civil Procedure (Fed. R. Civ. P.) Rule 26 *Duty to Disclose; General Provisions Governing Discovery* and Fed. R. Civ. P. Rule 37. *Failure to Make Disclosures or to Cooperate in Discovery; Sanctions.*

Delta failed to properly conduct the Rule 26 (f) Conference by not properly allowing Plaintiff to go over the issues and address the initial disclosures. Delta made comments about Mr. Grant repeating himself instead of explaining the way discovery would proceed to include initial disclosures. On March 27, 2025, during the Rule 26 Conference, Delta informed Mr. Grant there was no need to discuss initial disclosures because a Motion to Dismiss Delta filed with the Court on February 24, 2025. Mr. Grant informed Delta that he needed the initial disclosures. Due to the Plaintiff's adamancy about the initial disclosures and the scheduling order, Delta prematurely ended the conference. Mr. Grant is a Pro Se litigant, while Delta has representation. Delta knowingly violated guidelines for Fed. R. Civ. P. Rule 26 and Fed. R. Civ. P. Rule 37.

**B.  Delta refusing to disclose initial disclosures. Violation of Rule 26 and Rule 37**

Rule 26(a)(1)'s automatic disclosure requirement "was adopted to end two evils that had threatened civil litigation:  expensive and time-consuming pretrial discovery techniques and trial-by-ambush." Standley v. Edmonds-Leach, 783 F.3d 1276, 1283 (D.C. Cir. 2015) (quoting Hayes v. Cha, 338 F. Supp. 2d 470, 503 (D.N.J. 2004)). "A too expansive reading of the impeachment exception 'could cause a resurgence of these evils.'" Id. at 1283–84 (quoting Hayes, 338 F. Supp. 2d at 503). Lies of expense for digital information is being used by the Delta.

Federal Rule of Civil Procedure 26(a)(1) requires that a party "must, without awaiting a discovery request," identify "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses" and provide a copy or description of "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i), (ii). Initial disclosures are to be made based on the information "then reasonably available" to the party, and a party is not excused from this obligation simply because "it has not fully investigated the case." Id.

2

26(a)(1)(E); Sharma v. City of Vancouver, No. C06-5688, 2007 WL 4376177, at *1 (W.D. Wash. Dec. 13, 2007). The purpose of initial disclosures is for parties to provide "basic information that is needed …to prepare for trial or make an informed decision about settlement." Fed. R. Civ. P. 26(a)(1), advisory committee's note (1993 Amendment § (a)). Where "a party fails to make a disclosure required by Rule 26(a)," any other party "may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A); Lim v. Franciscan Health Sys., No. C06-5191, 2006 WL 3544605, at *1 (W.D. Wash. Dec. 8, 2006) ("Where the response to discovery is unsatisfactory, the party seeking discovery may file a motion to compel discovery"). A party that fails to comply with disclosure obligations may be prohibited from relying on that evidence. BWP Media USA Inc. v. Rich Kids Clothing Co., LLC, No. C13-1975-MAT, 2015 WL 347197, at *4 (W.D. Wash. Jan. 23, 2015), aff'd sub nom. BWP Media USA Inc. v. Urbanity, LLC, 696 F. App'x 795 (9th Cir. 2017); R & R Sails, Inc. v. Ins. Co. of, Pa., 673 F.3d 1240, 1247 (9th Cir. 2012). "On a motion to compel responses to discovery requests, the party opposing discovery bears the burden of resisting disclosure." Rookaird v. BNSF Ry. Co., No. C14-176, 2015 WL 11233670, at *1 (W.D. Wash. June 2, 2015). Courts normally grant motions to compel where a party fails to provide the disclosures required under Rule 26. *See*, e.g., In re Park W. Galleries, Inc., Mktg. & Sales Pracs. Litig., No. MDL 09-2076, 2010 WL 1996600, at *2 (W.D. Wash. May 17, 2010) (compelling initial disclosure of damage calculations that "reflect a good faith effort to estimate the various categories of damage based on the information currently known to " where claimed they needed more discovery to calculate damages and promised to supplement their disclosures later); Bonneville v. Kitsap Cty., No. C06-5228, 2007 WL 474373, at *2 (W.D. Wash. Feb. 8, 2007) (compelling supplemental initial disclosures in which "Plaintiff must describe as clearly and accurately as possible all information regarding the potential location and contact information of persons with discoverable information, even information that he believes Defendant already possess."); Int'l Bhd. of Teamsters v. Alaska Air Grp., Inc., No. C17-1327, 2017 WL 6034363, at *2 (W.D. Wash. Dec. 6, 2017) (Pechman, J.) (compelling disclosures where defendants claimed that their pending motion to dismiss entitled them to withhold discovery).

### C. Delta Lack of Cooperation for Discovery and Continuous Misrepresentation of Facts Violation of Rule 11, Rule 26 and Rule 37

Delta has continuously insinuated that ECF No. 10-2 and ECF No. 30 were both filed by the Plaintiff and that is a deliberate false statement of facts. See ECF No.  This action, as others by Delta, appears to be Fraudulent Misrepresentation which are violations of Fed. R. Civ. P. Rule 11. The Defendant's Third Motion to Dismiss is another example of Delta falsely increasing the number of filings to allude at the Plaintiff causing the delay of litigation and it's been the lack of initial disclosures and a scheduling order to follow.

It was not until Delta's Third Motion to Dismiss before an argument concerning retaliation was mentioned again since Delta's initial Motion to Dismiss (ECF No. 5). That was only because the Plaintiff mentioned that fact See ECF No. 35-2, at 2. **No response** from Delta since **February 24, 2025** addressed retaliation except the Defendant's original motion to dismiss. See The plaintiff calculated the damages and came up with a number and wanted to add Section 1981 to avoid the necessity of a convincing mosaic due to the lack of disclosures and transparency from Delta. Delta filed ECF No. 43 Response to Motion to Compel denying the fact I have informally asked for the documents. Then proceed to tell Plaintiff to file Motions instead.

The Eleventh Circuit has cautioned that McDonnell Douglas is "only one method by which [a] plaintiff can prove discrimination by circumstantial evidence." Tynes v. Florida Department of Juvenile Justice, Case No. 21-13245 (11th Cir. Dec. 12, 2023). A plaintiff can also overcome summary judgment by presenting a convincing mosaic of circumstantial evidence that would allow a factfinder to infer intentional discrimination by the decisionmaker. The EEOC did not have the time and resources with their backlog to properly investigate and issued a Notice of Rights to Sue Letter on November 14, 2024. That was only 13 days after the Charge of Discrimination was filed. Due to the Defendant violating Fed. R. Civ. P. Rules 11, Rule 26, and Rule 37 by not properly making any initial disclosures, continuously avoiding disclosures, and continuously making misrepresentations of facts with the Court. These actions ensure the Plaintiff does not have a fair opportunity to exercise the rights and liberties he and his family fought and sacrificed for on behalf of the citizens of our nation for over 20 years.

### D. Court should Deny the Defendant's Third Motion to Dismiss with Prejudice and Deny the Motion to Stay all Disclosures

4

Due to Delta's lack of cooperation, deliberate attempts to misrepresent facts, and failure to properly disclose disclosure information to deliberately make the case harder for the Plaintiff that is Pro Se. Delta's Third Motion to Dismiss with Prejudice and Motion to Stay all Disclosures should be denied. The Court should publish a scheduling order and compel the Defendant to disclose the requested initial disclosures of the employment records pertaining to Mr. Grant to include investigations and emails to leadership.

## II. CONCLUSION

For the foregoing reasons, the Defendant's Third Motion to Dismiss and Motion to Stay All Disclosures should be DENIED in their entirety and Delta be compelled after the guidance of (ECF No 40-7). Delta has violated Fed. R. Civ. P Rule 11, Rule 26, and Rule 37 in multiple ways in an attempt to not have to procure or possibly be found liable for destroying evidence. By failing to provide the Initial Disclosures, not cooperating to conduct discovery, and deliberately misrepresenting facts on Court documentation, Delta has successfully ensured there is no transparency or path to proper justice in this case. Mr. Grant has informally asked for documents from Delta since August 16, 2024. These actions are directly causing further emotional, financial, physical, and psychological damages to the Plaintiff, Mr. Grant asks the Court to allow the addition of Section 1981 to his Complaint to compensate for the lack of a convincing mosaic argument with a "but for "argument combining all racial discrimination claims. The addition of a disparate impact will help ensure the safety of personnel/ consumers and mitigate employee health issues that could arise due to a lack of proper time to seek accommodations.

Dated: **June 6, 2025**                                      Respectfully Submitted,

                                                                    /s/*KENTREZ GRANT*
                                                                    Kentrez Grant
                                                                    (Pro Se)
                                                                    4516 Burleson Rd.
                                                                    #17848 Austin, TX 78744
                                                                    Telephone:(254) 458-9661
                                                                    Kentrez_78@yahoo.com

| ECF No.. | Title |
|---|---|
| 1 | Original Complaint |
| 1-1 | Civil Cover Sheet |
| 1-2 | Cover Letter |
| 1-3 | Exhibit Attachment EEOC Documents |
| 1-4 | Receipt |
| 10 | Motion for Leave Unopposed Amended Complaint |
| 10-1 | Original Complaint |
| 10-2 | Amended Complaint |
| 11 | Response Motion to Dismiss |
| 11-1 | PLAINTIFFS RESPONSE ATTACHMENTS LISTING |
| 11-2 | Exhibit Kentrez Grant- Plaintiff - HEALTH QUESTIONNAIRE |
| 11-3 | Exhibit Kentrez Grant- Plaintiff - Military Joint Service Transcript |
| 11-4 | Exhibit Kentrez Grant- Plaintiff - College Transcript |
| 11-5 | Exhibit Kentrez Grant- Plaintiff - Email dated Aug 16, 2024 - Response Email From Delta - Issues at Work |
| 11-6 | Exhibit Kentrez Grant- Plaintiff - Email dated Aug 19, 2024 - Response Email From Delta - Issues at Work Can't log in to work account, |
| 11-7 | Exhibit Kentrez Grant- Plaintiff - Last ERB April 03 2019, |
| 11-8 | Exhibit Kentrez Grant- Plaintiff - Ramp Agent Requirements |
| 11-9 | Exhibit Kentrez Grant- Plaintiff - Advanced Ergonomics, Inc. Post Offer Screening, |
| 11-10 | Exhibit Kentrez Grant- Plaintiff- DD 214 US Army (2003-2019), |
| 11-11 | Exhibit Kentrez Grant- Plaintif Exhibit Kentrez Grant- Plaintiff- LIFT f- LIFT TEST TEST INSTRUCTIONS INSTRUCTIONS AND AND AGREEMENT OF UNDERSTANDING, |
| 11-12 | Exhibit Kentrez Grant- Plaintiff- Schedule A Memo hiring authority 5 CFR 213.3102 (u) |
| 11-13 | Exhibit Kentrez Grant- Plaintiff- USMC DD 214 (1997- 2002) |
| 11-14 | Exhibit Kentrez Grant- Plaintiff-Unpaid Suspension Pending Review for Continued Employment) (Grant, Kentrez) |
| 13-1 | Email Dated Mar 25 2025 of agreement for tele confer |
| 17-1 | Exhibit Info on Space X vs NLRB |
| 18-1 | Exhibit A, |

| ECF No.. | Title |
|---|---|
| 18-2 | Affidavit Plaintiff's Apology to the Court |
| 19-1 | Plaintiff's Response Exhibit List Re Def. Partial Dismiss |
| 19-2 | Exhibit - A Plaintiff Email Dated March 12, 2025 26 (f) Confer |
| 19-3 | Exhibit B - Def. Email March 14, 2025 26 (f) availability |
| 19-4 | Exhibit C - Plaintiff email dated March 24, 2025 reminder of Confer |
| 19-5 | Exhibit D - Def Email dated March 24, 2025 not available |
| 19-6 | Exhibit E- 4th Amended Complaint Pacer Email |
| 19-7 | Exhibit F - Pacer Email Dated March 27, 2025 Case trans |
| 19-8 | Exhibit G - Email to Accommodations Board dated Aug 11, 2024 |
| 19-9 | Exhibit H Accommodations Denial Email Dated Aug 12, 2024 |
| 19-10 | Exhibit I - Enlisted Record Brief |
| 19-11 | Exhibit J - Molly Harris Delta, Managing ACS Dir. Email Dated Aug 19, 2024 |
| 19-12 | Exhibit K - Plaintiff- DD 214 US Army |
| 19-13 | Exhibit L - Plaintiff Marine Corps DD 214 |
| 19-14 | Exhibit M - Plaintiff Military Joint Transcript |
| 19-15 | Exhibit N - Part of Medical Records |
| 19-16 | Exhibit O - Plaintiff Schedule A Letter from Voc |
| 19-17 | Exhibit P - Accommodations Request Form |
| 19-18 | Exhibit Q - June 26, 2024 Can't Complete Safety |
| 19-19 | Exhibit R - Screenshot Case & Docket History Mar 30, 2025 |
| 19-20 | Exhibit S - Delta Ramp Agent Requirements |
| 19-21 | Exhibit T -Email Dated August 16, 2025 to Delta C-Suite Officers |
| 19-22 | Exhibit U -Military Disability Retirement Orders |
| 25-3 | Email Dated March 12, 2025 Plaintiff to Defendant Section 1981 and Schedule Order |
| 25-4 | Email Dated March 14, 2025 Delta avail for 26 Confer for March 24 to March 25 |
| 25-5 | Email dated Delta Changed timeline to after March 25, 2025 to March 27, 2025 for 26(f) Conference after agreement for March 25, 2025 to have a business lunch Explanation of the Court filing ECF No. 30 |
| 35-1 | Email Dated May 6, 2025 1213 AM CDT - Error with PACER Uploading the 2nd Amended Complaint, # |
| 35-10 | Email Dated September 27, 2024 Request to preserve evidence and appeal |
| 40 | PLAINTIFF'S MOTION to COMPEL Re- DEFENDANT'S INITIAL DISCLOSURES |

| 40-6 | Email Dated May 28, 2025 Defendant refusing to disclose information |
|---|---|

### III. DECLARATION

The undersigned declares under penalty of perjury that, to the best of my knowledge, the statements in the above reply are true and all disclosures filed with the Court since January 31, 2025 are true and are as kept in their original state except for privacy redactions. Austin, Texas, this __6ᵗʰ__ day June, 2025.

Kentrez Grant
(Pro Se)
Plaintiff

## TEXAS NOTARY ACKNOWLEDGMENT

State of Texas

County of __TRAVIS__

Before me, __BALDEMAR HINOJOSA, NOTARY PUBLIC__ on this day personally

appeared __KENTREZ A. GRANT__, known to me (or proved to me

on the oath of _____ or through __TEXAS DRIVER'S LICENSE__ to

be the person whose name is subscribed to the foregoing instrument and acknowledged

to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this __6__ day of __JUNE__, 20__25__.

(seal)

Baldemar Hinojosa
My Commission Expires
1/21/2026
Notary ID
133544556

Notary Public Signature

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on **June 6, 2025**, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, and electronically served same using the Case Management/Electronic Case Filing (CM/ECF) system of the Court. I further certify that a true and correct copy of the foregoing was served upon ATTORNEYS FOR DEFENDANT, DELTA AIR LINES, INC.:

Celeste R. Yeager at email cyeager@littler.com and Josh K. Ordiway at jordiway@littler.com and mailed via USPS at:

LITTLER MENDELSON, P.C.

2001 Ross Avenue, Suite 1500

Dallas, TX 75201

/s/ KENTREZ GRANT
Kentrez Grant
(Pro Se)
4516 Burleson Rd.
#17848 Austin, TX 78744
Telephone:(254)458-9661
kentrez_78@yahoo.com