IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **KENTREZ GRANT,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 1:25-cv-00154-ADA |
| § | |
| **DELTA AIR LINES, INC.,** § | |
| § | |
| Defendant. § | |
| § | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS THIRD MOTION TO DISMISS**

Defendant Delta Air Lines, Inc. files this Reply in Support of its Third Motion to Dismiss (ECF No. 37) ("Motion"), respectfully requesting that the Court dismiss Plaintiff Kentrez Grant's Second Amended Complaint (ECF No. 35-2) ("SAC") with prejudice. Delta shows the Court as follows:

**I. DISCUSSION**

**A.    Grant's new allegations are not properly before the Court.**

At the outset, Delta notes that Plaintiff's Response in Opposition Re: Defendant's Third Motion to Dismiss (ECF No. 42) ("Response") contains many new allegations that are not present in Grant's SAC. "As a general rule, claims and allegations that are not raised in the complaint, but raised for the first time in a response to a motion to dismiss are not properly before the court." *Peterson v. Lottery.com, Inc.*, No. 1:23-CV-646-RP, 2025 WL 356523, at *5 (W.D. Tex. Jan. 23, 2025), *report and recommendation adopted*, No. 1:23-CV-646-RP, 2025 WL 1010228 (W.D. Tex. Mar. 27, 2025) (citing *Middaugh v. InterBank*, 528 F. Supp. 3d 509, 535 (N.D. Tex. 2021)); *Esquivel v. United States*, No. DR-23-CV-066-AM-JAC, 2024 WL 5371989, at *3 (W.D. Tex. Nov. 19, 2024) (same); *7X Cattle Co. LLC v. Brandstadt*, No. 6:22-CV-00396-JDK-KNM, 2024

WL 4183301, at *3 (E.D. Tex. July 22, 2024), *report and recommendation adopted*, No. 6:22-CV-396-JDK-KNM, 2024 WL 3950677 (E.D. Tex. Aug. 27, 2024) (same); *Middleton v. Life Ins. Co. of N. Am.*, No. CIV.A H-09-CV-3270, 2010 WL 582552, at *5 (S.D. Tex. Feb. 12, 2010) ("Middleton's claim for breach of fiduciary duty under § 1132(a)(3) was not raised in her original complaint, but rather was raised for the first time in response to LINA's motion to dismiss. As such, it is not properly before this Court." (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990))).

Here, Grant raises numerous allegations in his Response that were not present in his SAC. For example, Grant newly asserts that (1) he was the only Black male hired on June 17, 2024, (2) a white employee hit him with a trash can and referred to either himself or Grant by a nickname related to Michael Jackson, (3) he failed training because Delta wanted him to work in the bag room, (4) a C-Suite officer gave him "false hopes" of addressing his concerns, (5) a "darker complexioned Scheduler" was also terminated, (6) he suffered racial discrimination due to the "huge disparity of American born Black male employees that live in the area," (7) "his belongings were wrongfully removed out of the chair and Mr. Grant was told to eat outside on the ground," (8) he informed Delta of an unspecified fact presumably related to an alleged disability "on his application and numerous times while employed," and (9) "numerous employees were upset [his] disabilities would have priority over their seniority for bids." *See* ECF No. 42 at 4, 5, 6, 7, 8, 8–9, 10. Any allegation contained within Grant's Response that Grant failed to include in his SAC is not properly before the Court.

While a district court "*may* construe new allegations and theories in a response to a dispositive motion as a motion for leave to amend the complaint," such action is not appropriate here, as Grant has already amended his complaint six separate times in this action. *See Esquivel*,

2024 WL 5371989, at *3 (citing *Middaugh*, 528 F. Supp. 3d at 535) (emphasis in original). As such, the Court must disregard these newly asserted allegations.

> **B.   Administrative remedies and Rule 26 disclosures do not excuse Grant's pleading deficiencies.**

Throughout his Response, Grant irrationally blames the pleading deficiencies in his SAC on the erroneous belief that he was supposed to and has not received certain documents or evidence from the EEOC when it was investigating his Charge of Discrimination and from Delta under Federal Rule of Civil Procedure 26.[1] However, neither the extent of the EEOC's investigation nor Delta's Rule 26 disclosures (produced or not) have any bearing on the issue at hand—whether Grant properly pleads claims in his SAC upon which relief can be granted.[2]

> **C.   Grant fails to state a claim for race-based disparate treatment.**

As shown below and in Delta's Motion, Grant does not rebut Delta's arguments that he failed to state a race-based disparate treatment claim. In response to Delta highlighting how he does not connect his suspension or termination to his race, Grant makes the conclusory allegations that he "was treated worst [sic] than the new employees" and was terminated "due to the facts of being black," while also meandering that he was allegedly the "only Black American born citizen hired in his group" and that "[t]here is a huge disparity of American born Black male employees that live in the area." *See* ECF No. 42 at 8. Grant also notes that he was "the most senior new employee in his group and possessed the most aviation experience." *Id.*

---

[1] As explained in Defendant's Response to Plaintiff's Motion to Compel Defendant's Initial Disclosures (ECF. No. 43), Delta has complied with its obligations under Federal Rule of Civil Procedure 26, and Grant should request the documents and information he seeks under Federal Rules of Civil Procedure 33 and 34. Additionally, Delta vigorously denies Grant's baseless accusation that Delta's refusal to provide him exact documents he has improperly requested suggests that Delta somehow destroyed evidence. *See* ECF No. 42 at 12.

[2] Grant also improperly attempts to have this Court adopt the "convincing mosaic" standard employed by the Eleventh Circuit in analyzing Delta's Motion. This standard is not the law of this Circuit. At any rate, this standard is inapplicable here, as the Eleventh Circuit employs it only when analyzing summary judgment motions or post-trial motions—not motions to dismiss. *See Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 947 (11th Cir. 2023).

These allegations do not clarify or explain how Grant's SAC sufficiently states a claim for race-based disparate treatment. It remains true that Grant claims the reason he was terminated was for Jose Linares's allegedly unsubstantiated accusation about Grant's conduct in relation to his medication, not Grant's race. And although Grant claims he was the only Black employee hired on his exact start date, it remains unclear how similarly situated, non-Black coworkers received more favorable treatment than him. Since Grant is unable to set forth any factual allegations supporting his race-based disparate treatment claim (despite being given multiple opportunities to do so), this Court must dismiss it with prejudice.

### D. Grant does not state viable claims for race- or disability-based hostile work environment.

Next, Grant's Response fails to cure the deficiencies in his claims for hostile work environment. Addressing Delta's arguments that Grant failed to allege severe or pervasive conduct, Grant inserts new allegations not raised in his SAC. As mentioned, the Court must disregard these allegations. But even if these allegations were properly before the Court, they still do not cure his pleading deficiencies.

Grant now makes confusing allegations about a nickname related to Michael Jackson and that "his belongings were wrongfully removed out of the chair and Mr. Grant was told to eat outside on the ground." *See* ECF No. 42 at 5, 8–9. He also elaborates that Olive Brown asked him if he was hazed in the military in response to Grant explaining his "issues with employees." *Id*. at 10. These new allegations still fail to reveal severe or pervasive conduct rising to the level of actionable harassment. Demeaning or disrespectful behavior, unless extraordinarily offensive, cannot support a claim for hostile work environment. *See Saketkoo v. Administrators of Tulane Educ. Fund*, 31 F.4th 990, 1003–04 (5th Cir. 2022) (while conduct was undoubtedly "abrasive," allegations that supervisor repeatedly yelled at, chastised, mocked, and degraded plaintiff were not

sufficiently severe to state a claim for hostile work environment); *Septimus v. Univ. of Houston*, 399 F.3d 601, 605 (5th Cir. 2005) (mocking and haranguing causing plaintiff to feel "useless and incompetent" not sufficiently severe to support a hostile work environment claim). Grant also fails to allege how these incidents are connected to his race or alleged disability, so they must be excluded from the hostile work environment analysis. *See Strauss v. Potter*, No. CIV.A. H-08-1895, 2011 WL 1463582, at *8 (S.D. Tex. Mar. 31, 2011) (holding that "instances of harassment that are not based on sex or race must be identified and excluded from the analysis" (citing *Baker v. FedEx Ground Package Sys. Inc.*, 278 F. App'x 322, 329 (5th Cir. 2008))).

In short, these claims, along with Grant's generic allegation that he suffered "constant belittlement," fail to reveal severe or pervasive conduct based on Grant's race or alleged disability. *See* ECF No. 42 at 8. Further, Grant's Response still does not allege that Delta failed to take corrective action based on any purported harassment. The Court should therefore dismiss with prejudice Grant's claims for hostile work environment.

### E. Grant's retaliation claims fail as a matter of law.

Grant's Response also fails to show how any complained-of adverse employment action is connected to any alleged protected activity. In fact, Grant's Response does not address the "causal connection" element of his retaliation claims whatsoever. Instead, Grant reiterates that he engaged in protected activity when he made a complaint to the EEOC and when he complained to Brandon Cummings and Olive Brown on August 8, 2024. *See* ECF No. 42 at 9. This speaks to the first element of Grant's retaliation claims (protected activity), which is not at issue. Because Grant fails to respond to Delta's arguments with respect to the third element (causal connection) of his retaliation claims, this Court must dismiss them. *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("A party's failure to respond to arguments raised in a motion to dismiss constitutes waiver or abandonment of those issues at the district court level.").

F.   **Grant does not plead an actionable disability discrimination claim.**

Lastly, even with the new allegations improperly asserted in his Response, Grant falls short of plausibly pleading a disability discrimination claim.

Although not mentioned in his SAC, Grant now alleges that he "informed the Defendant on his application and numerous times while employed" [presumably of an alleged disability] and that "numerous employees were upset [his] disabilities would have priority over their seniority for bids." *See* ECF No. 42 at 10. The Court must disregard these newly asserted claims. Similarly, Grant's Response mentions a document called a "Schedule A- listing Memo"—which may or may not be the unauthenticated October 2018 Army memo referenced in Grant's SAC—as evidence of his alleged disability. The Court must disregard this document, whatever it is, as extrinsic evidence not explicitly referenced in the SAC. *See United States ex rel. Sullivan v. Atrium Med. Corp.*, No. CV SA-13-CA-244-OLG, 2015 WL 13799759, at *6 (W.D. Tex. June 15, 2015), *report and recommendation adopted*, No. CVSA513CV244OLG, 2015 WL 13799754 (W.D. Tex. July 30, 2015) (in ruling on defendant's motion for judgment on the pleadings, court refused to consider exhibits attached to plaintiffs' response not explicitly referenced in operative complaint).

In any event, these allegations and the referenced document fail to reveal how Grant's alleged medical conditions substantially impaired a major life activity *during his employment with Delta in 2024*. Therefore, they fail to plausibly allege a qualifying disability. *See Smith v. McDonough*, No. SA-22-CV-01383-JKP, 2023 WL 5918322, at *7 (W.D. Tex. Sept. 8, 2023) (plaintiff who alleged he suffered from a "degenerative bone disorder" but not how it affected his daily life activities, his ability to work, or his need for an accommodation failed to state a claim). These allegations are also insufficient in explaining how Delta supposedly regarded Grant as disabled because Grant does not indicate what specifically he said in his employment application about his alleged disability or the details of the other times he purportedly informed Delta about

any alleged disability. *See Polak v. Sterilite Corp.*, No. 21-10549, 2022 WL 457822, at *1 n.2 (5th Cir. Feb. 15, 2022) (rejecting "regarded as" claim where plaintiff provided no evidence that employer regarded him as having a physical or mental impairment). Accordingly, Grant still fails to plausibly allege he was disabled within the meaning of the ADA during his employment with Delta.

Grant's Response also does not address Delta's argument that Grant failed to plausibly allege that Delta took adverse action against him based on his actual or perceived disability. Therefore, Grant has waived his disparate-treatment disability discrimination claim, and the Court must dismiss it. *See Black*, 461 F.3d at 588 n.1.

As for his failure-to-accommodate claim, Grant's allegations remain conclusory and deficient. Nothing in Grant's Response specifies what specific accommodations he sought from Delta and whether they were reasonable or would permit him to perform the essential functions of his position. Accordingly, Grant still does not plausibly allege that Delta denied a proposed accommodation for any known limitations of an alleged disability. In sum, Grant's Response offers no arguments suggesting he has plausibly alleged a disability discrimination claim.

### G. The Court should dismiss Grant's claims with prejudice.

Finally, Grant's Response fails to rebut Delta's argument that the Court should dismiss Grant's claims with prejudice because Grant has had multiple opportunities to plead his best case. The fact remains that this Court explicitly advised Grant that he had one more chance to plead his best case. Rather than curing his pleading deficiencies, Grant complains that he must repeat facts because Delta "wants to avoid discovery," revealing a fundamental misunderstanding of a plaintiff's pleading burden under federal rules. Allowing Grant another chance to amend is not likely to resolve this misunderstanding.

Grant also requests mercy by citing that his pleading deficiencies are due to his *pro se* status, alleged disabled veteran status, stress, and lack of sleep. *See* ECF No. 42 at 11–12. While Delta understands that Grant lacks the aid of legal counsel, Grant has deliberately chosen to proceed *pro se*, and "*pro se* status does not excuse Plaintiffs from knowing and following procedural requirements." *See Herrmann v. Pointer*, No. 5:24-CV-0764-JKP-HJB, 2024 WL 5397296, at *1 (W.D. Tex. Dec. 2, 2024) (citing *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013)). And while Delta appreciates Grant's military service and sympathizes with any issues in his personal life, these are not adequate justification for Grant's repeated failures to comply with federal pleading standards. In sum, the Court should dismiss Grant's claims with prejudice.

## II. CONCLUSION

For the foregoing reasons, Delta respectfully requests that this Court dismiss, with prejudice, Grant's claims against Delta in Grant's Second Amended Complaint.

Dated: June 10, 2025                                Respectfully submitted,

/s/ Celeste R. Yeager
Celeste R. Yeager
Texas State Bar No. 00797715
cyeager@littler.com
Josh K. Ordiway
Texas State Bar No. 24126538
jordiway@littler.com

LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, TX 75201
Telephone:     214.880.8100
Facsimile:     214.880.0181

**ATTORNEYS FOR DEFENDANT DELTA AIR LINES, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that on June 10, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, and electronically served same using the Case Management/Electronic Case Filing (CM/ECF) system of the Court. I further certify that a true and correct copy of the foregoing was served upon *pro se* Plaintiff Kentrez Grant via e-mail at kentrez_78@yahoo.com and USPS at

4516 Burleson Road, #17848
Austin, Texas 78744

                           */s/ Josh Ordiway*
                           Josh Ordiway