UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **KENTREZ GRANT,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CIVIL NO. A-25-CV-00154-ADA** |
| § | |
| **DELTA AIR LINES, INC.,** § | |
| § | |
| **Defendant.** § | |
| § | |

### ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY

Before the Court is Defendant's Motion to Stay Discovery. ECF No. 41. Having reviewed the parties' briefing, the relevant facts, and the applicable law, the Court determines the Motion should be **GRANTED**.

### I.   BACKGROUND

On January 31, 2025, Plaintiff, proceeding *pro se*, filed this employment discrimination action against Defendant. ECF No. 1. On April 21, 2025, the Court determined that Plaintiff had failed to state a claim for (1) disparate treatment under Title VII, (2) hostile work environment under Title VII, (3) disparate treatment under the Americans with Disabilities Act ("ADA"), (4) failure to accommodate under the ADA, and (5) hostile work environment under the ADA. ECF No. 28. The Court granted leave, however, for Plaintiff to file an amended complaint. *See id.* Plaintiff subsequently filed an amended complaint (*see* ECF Nos. 34, 35), to which Defendant has filed a Third Motion to Dismiss (ECF No. 37). Plaintiff subsequently filed a motion to compel defendant's initial disclosures. ECF No. 40. These motions remain pending. Defendant now moves to stay all discovery pending resolution of Defendant's Third Motion to Dismiss. ECF No. 41.

## II.     DISCUSSION

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). District courts also have broad discretion in all discovery matters and may stay discovery "for good cause shown." *See Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006); Fed. R. Civ. P. 26(c). A stay may "be appropriate where the disposition of a motion to dismiss might preclude the need for discovery altogether thus saving time and expense." *United States ex rel. Gonzalez v. Fresenius Med. Care N.A.*, 571 F. Supp. 2d 766, 768 (W.D. Tex. 2008) (internal quotation marks omitted); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435–36 (5th Cir. 1990).

Here, the Court finds good cause for a stay. Plaintiff has recently filed his amended complaint to address the deficiencies identified by the Court, and Defendant's Third Motion to Dismiss remains pending. Resolution of the motion to dismiss may narrow the scope of discovery or obviate discovery altogether. Plaintiff's opposition to the stay focuses on the merit of his amended complaint and the reasons why the Court should deny Defendant's Third Motion to Dismiss. *See* ECF No. 42. Thus, the Court finds that resolving the Third Motion to Dismiss before allowing discovery to proceed to be appropriate in this case.

## III.     CONCLUSION

For these reasons, Defendant's Motion to Stay Discovery (ECF No. 41) is **GRANTED**.

**SIGNED** this 26th day of June, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE