UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **KENTREZ GRANT** | § § § § § | |
| Plaintiff, | § § | |
| -vs- | § § § | Case No.: 1:25-CV-00154ADA |
| **DELTA AIR LINES, INC.,** | § § § | |
| Defendant. | § § § | |

**PLAINTIFF'S OBJECTION:MOTION for RECONSIDERATION of ORDERS
Re GRANTING STAY of DISCOVERY and PARTIAL MOTION to DISMISS**

COMES NOW Kentrez Grant, Plaintiff in the above-referenced case, in pursuant of Federal Rules of Civil Procedure Rule 12, Rule 60, and Local Rule CV- 7(d) of the U.S. District Court for the Western District of Texas, files this Objection and Request for Reconsideration of Order Granting Stay of Discovery (ECF No. 47) and Order Granting Partial Motion to Dismiss (ECF No. 21 and ECF. No. 48), and in this connection would respectfully show unto the Court as follows:

**I. OBJECTION:
ORDER GRANTING STAY OF DISCOVERY**

**Fed. R. Civ. P. Rule 60 (b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:**

**(1) mistake, inadvertence, surprise, or excusable neglect;**

**(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) ;**

> **(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;**

Due to the lack of cooperation from Jennifer Clark, Court's Deputy, to respond to joint emails of both parties to validate the Court's schedule for a hearing conference, Mr. Grant filed a Notice: Plaintiff's Requests for Production and Interrogatories (ECF No. 39) on May 21, 2025. There appears to be deliberate actions taken to ensure the actual Judicial Officer for this case is not available for a hearing or the deputy deliberately does not respond with the Courts actual availability. The requests were straight forward and pertained to the initial disclosures for the most part. Delta's trumpery attempts of cooperation throughout the pretrial process without disclosing the initial disclosures, on **May 30, 2025,** Mr. Grant filed the **Opposed Motion to Compel Initial Disclosures (ECF No. 40)**. To avoid accountability for not disclosing the mandatory initial disclosures (for example: insurance information, contact information for employees, and any information pertaining to Mr. Grant while employed with Delta Air Lines, Inc. The Defendant filed **Opposed Motion to Stay Discovery** on    The Plaintiff filed Delta Air Lines, Inc. initial disclosures that were delivered on **April 10, 2025** (ECF No. 40-5) attached to the motion to compel to ensure transparency with the Court and to alleviate doubt of the lack of cooperation from Delta Air Lines, Inc. The direct-evidence of emails are also attached to the motion to compel as (ECF No. 40-2 to ECF No. 40-4). The defendant filed a Motion to Stay Discovery (ECF No. 41) due to the fact initial disclosures were not properly disclosed in accordance with Fed R. Civ P Rule 26 and to avoid sanctions mandated by Fed. R. Civ. P. Rule 37.

In an attempt to appear cooperative Delta Air Lines, Inc. agreed to a phone conference. The Plaintiff put the court on NOTICE by filing ECF No. 46, NOTICE Plaintiff and Defendants Counsel Conference Scheduled for **June 25, 2025**. Delta has not been cooperative with any form of discovery other than disclosing their largest investor is a conglomerate. This fact combined with the methodical transfer of this case would be beneficial of those that adhere to the ideology of "1433" a number used by Anarcho-Capitalists sympathetic to White Nationalism and National

Capitalists. Delta indeed has employed or contracted personnel that share the discriminatory beliefs of these ideologies. All of which would not condone the rights and liberties exercised by Mr. Grant to seek justice in the employment discrimination he suffered while employed with Delta Air Lines, Inc.  Mr. Grant filed his Motion to Compel initial disclosures by 12:13 AM clearly seen on the Attached Exhibit C Email May 30 2025 12.13 AM Entry Motion to Compel at the time the and Delta Filed its Motion to Stay Discovery at 3.29 PM.  The stay of discovery was also convenient for the Defendant which has been having multiple reasons and people that terminated Mr. Grant. On August 16, 2025, at about 1:30 PM, at the Delta Airlines, Inc. OSM Below Wing Office, located at the Austin Bergstrom- International Airport 3600 Presidential Blvd, Austin, TX 78719 (ECF No.,11-14) Christopher Joseph signed signature as the "supervisor" that briefed Mr. Grant and put Mr. Grant on unpaid suspension. Delta gave responses for interrogatories (Exhibit B, at 3) that states Dennis Garza as the supervisor that suspended and terminated Mr. Grant and that is not correct by the direct evidence already provided to the Court. Dennis Garza mysteriously being labeled as the person that suspended and terminated Mr. Grant is new information and appears like Christopher Joseph was used as a cover-up for a discriminatory action. Dennis Garza is Hispanic and Chrispher Joseph is a Black Caribbean. The people that was most discriminatory to Mr. Grant during his tenure at Delta Air Lines Inc. were Hispanic.  In the document titled. has not provided insurance information and stated that there was no need. The law clearly states **MANDATED.**

    Rule 26. Duty to Disclose; General Provisions Governing Discovery

    (1) *Initial Disclosure.*

    (A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, **a party must, without awaiting a discovery request, provide to the other parties:**

    (C) Time for Initial Disclosures—In General. A **party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order,** or unless a party objects during the conference that

initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

The Court never made any speculations or orders that authorized Delta to not provide the initial disclosures as mandated until **after** the Plaintiff filed a Motion to Compel. The Court deputy was never available for non-ex-parte communication with the Plaintiff and opposing party to validate a schedule to motion for a conference date.

(C) *Time for Initial Disclosures—In General.* A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

(E) *Basis for Initial Disclosure; Unacceptable Excuses.* A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

It is ironic that the only person corresponding on this case matter that has actually sacrificed over 20 years of military service during times of war, separated from his family, and wrongfully alienated from his children, has openly been denied justice on numerous occasions.
 At the Confer Scheduled for June 25, 2025 Mr. Grant and Counsel for Delta Air Lines, Inc. discussed the Objections and responses Delta provided via email Attached to this document as Exhibit A. Email dated June 20, 2025- From Mr. Grant to Mr. Ordiway (Delta's Counsel) Re: Kentrez Grant v. Delta Air Lines Defendant's Discovery Responses about discrepancies of the attached Exhibit B Defendant's Objections and Responses to Plaintiff Requests.

- **Misconduct by an opposing party**

1) Failure to disclose or supplement required information: This includes neglecting to provide initial disclosures under Rule 26 of the Federal Rules of Civil Procedure or failing to update discovery responses as new information becomes available.

2) Failing to participate in the development of a discovery plan in good faith: This involves neglecting to engage meaningfully in the process of outlining how discovery will be conducted in the case.

3) Failure to preserve electronically stored information (ESI): The intentional or negligent destruction or failure to preserve ESI that should have been kept is considered misconduct, especially if it prejudices the opposing party.

4) Failing to respond to discovery requests: This can involve neglecting to answer interrogatories, produce requested documents, or appear for depositions without a valid reason.

All of the above actions have taken place by the Defendant. The difficulty in perfecting the complaint is due to the lack of discovery. It is impossible to know the actual trends without discovery. The confusion on Christopher Joseph timeline as being my supervisor and directing me to the handicap parking lot are self-explanatory. It is no mystery why a person that will never understand the discrimination and anxiety felt by a group of people that do above average to be wrongfully oppressed. Laws expecting me to prove that I had less breaks than the rest of the new employees who was not Black is not good enough to prove the elements. I have to find a Caucasian person that was also basically called a "N" word which is impossible it does not happen hence the reason for the element. My apologies to the Court for the unorthodox tactics and lack of judicial vernacular and lack of fluidity of movements.

## PRAYER

Plaintiff seeks the Court's reconsideration of its order granting Defendants' partial motion to dismiss on the basis of the lack of cooperation for the initial disclosures that were due April 10, 2025 and the surprised of facts arising from unknown information gathered during discovery which reveals plausibility of discriminatory actions taking place. The Plaintiff asks the Court to lift the Stay on Discovery and allow initial discovery which will reveal more facts on

case matters. The Plaintiff requests a Conference with the Court for publication of a scheduling order and disposition of the motion to compel. The plaintiff also wish to preserve the complaint of Retaliation which was never addressed by the opposing party until the Plaintiff erred on the Second Amended Complaint.

Dated: **July 10, 2025**                                                                 Respectfully Submitted,

/s/ KENTREZ GRANT
Kentrez Grant
(Pro Se)
4516 Burleson Rd.
#17848
Austin, TX 78744
Telephone: (254) 458-9661
kentrez_78@yahoo.com

## III. DECLARATION

The undersigned declares under penalty of perjury that, to the best of my knowledge, the statements in the above reply are true and all disclosures filed by Kentrez Grant, with the Court since January 31, 2025 are true and are as kept in their original state except for privacy redactions.

Austin, Texas, this __10__ day July, 2025.

_____
Kentrez Grant
(Pro Se)
Plaintiff

## TEXAS NOTARY ACKNOWLEDGMENT

State of Texas

County of __TRAVIS__

Before me, __Lola Brown__ on this day personally appeared __Kentrez Grant__, known to me (or proved to me on the oath of _____ or through __Driver's License__ to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this __10TH__ day of __July__, 20__25__.

(seal)

_____
Notary Public Signature

LOLA IMAN BROWN
Notary Public, State of Texas
Comm. Expires 09-12-2027
Notary ID 134551126

## CERTIFICATE OF SERVICE

I hereby certify that on **July 10, 2025**, I electronically submitted the foregoing document with the clerk of the Court for the U.S. District Court, Western District of Texas, and electronically served same using the Case Management/Electronic Case Filing (CM/ECF) system of the Court. I further certify that a true and correct copy of the foregoing was served upon ATTORNEYS FOR DEFENDANT DELTA AIR LINES, INC.:

Celeste R. Yeager at email cyeager@littler.com and Josh K. Ordiway at jordiway@littler.com and mailed via USPS at:

LITTLER MENDELSON, P.C.

2001 Ross Avenue, Suite 1500

Dallas, TX 75201

 /s/ *KENTREZ GRANT*
Kentrez Grant
(Pro Se)
4516 Burleson Rd.
#17848
Austin, TX 78744
Telephone:(254)458-9661
kentrez_78@yahoo.com