IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **KENTREZ GRANT,** § <br> § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> **DELTA AIR LINES, INC.,** § <br> § <br> **Defendant.** § <br> § | <br><br><br><br>**CIVIL ACTION NO. 1:25-cv-00154-RP** |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTATION AND INTERROGATORIES**

TO:   Plaintiff, Kentrez Grant, 4516 Burleson Road, #17848, Austin, Texas 78744.

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant Delta Air Lines, Inc. serves the following Objections and Responses to Plaintiff Kentrez Grant's Requests for Production of Documentation and Interrogatories. *See* ECF No. 39.

**GENERAL OBJECTIONS**

1.   Defendant generally objects to the Requests and Interrogatories to the extent they purport to alter, amend, or expand the requirements set forth in the Federal Rules of Civil Procedure. Defendant will respond to the Requests and Interrogatories as required by the Federal Rules of Civil Procedure.

2.   By responding to all or any part of any Request or Interrogatory, Defendant expressly reserves its general and specific objections to that Request or Interrogatory.

3.   By responding to all or any part of any Request, Defendant does not admit that the requested documents are relevant, material, or admissible evidence and hereby preserves all objections to the admissibility of documents produced in response to these Requests at any hearing or trial.

4.   Defendant generally objects to these Requests and Interrogatories to the extent they could be construed to seek documents or other information protected by the attorney-client privilege and/or the attorney work product doctrine.

5.   Defendant's responses and objections are based on the information currently available. If additional information becomes available, Defendant will supplement in accordance

with the Rules, and Defendant reserves the right to assert additional objections as may be appropriate based on the additional information.

6. Defendant objects to Plaintiff's requests to the extent they would encompass documents or information not in Defendant's possession, custody, or control, or would seek to cause Defendant to obtain documents not in its possession, custody, or control.

7. Defendant objects to Plaintiff's requests to the extent they purport to require Defendant to extract data or other information from existing documents and organize such data or information in a format other than one in which that information currently exists.

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all persons answering or supplying information used in answering these Interrogatories.

**ANSWER:**

Christopher Joseph
c/o Defendant's Counsel
Mr. Joseph is an Operations Service Manager for Defendant who was Plaintiff's supervisor during Plaintiff's employment. Mr. Joseph conducted an investigation into complaints about Plaintiff's conduct and recommended terminating Plaintiff's employment.

Brandon Cummings
c/o Defendant's Counsel
Mr. Cummings is an Operations Service Manager for Defendant who also acted as Plaintiff's supervisor during Plaintiff's employment. Mr. Cummings participated in the investigation into complaints about Plaintiff's conduct.

Olive Brown
c/o Defendant's Counsel
Ms. Brown is a Field Director for Defendant who agreed with Mr. Joseph's recommendation to terminate Plaintiff's employment.

Michelle Harris
c/o Defendant's Counsel
Ms. Harris is a Human Resources Manager for Defendant who investigated complaints made against Plaintiff, as well as Plaintiff's own complaints, and recommended terminating Plaintiff's employment.

Dennis Garza
c/o Defendant's Counsel
Mr. Garza is a Station Manager for Defendant who informed Plaintiff that Defendant was suspending him pending review for continued employment on August 16, 2024.

Danielle Kruit
c/o Defendant's Counsel
Ms. Kruit is a GM, Human Resources, for Defendant who agreed with the recommendation to terminate Plaintiff's employment.

**INTERROGATORY NO. 2:** State the name, address, and business telephone number of each person with personal knowledge regarding the facts and circumstances surrounding the happenings of the occurrences referred to in the complaint.

**ANSWER:** Defendant objects to this Interrogatory because it seeks information that can be obtained from some other source that is more convenient, less burdensome, or less expensive, as Plaintiff already possesses Defendant's Initial Disclosures served on April 10, 2025, which contain

responsive information. *See* FED. R. CIV. P. 26(b)(2)(C)(i).

**INTERROGATORY NO. 3:** State and describe in detail all evidence including documents, affidavits and/or statements which you intend to rely, or submit at the hearing.

**ANSWER:** Defendant objects to this Interrogatory as unduly burdensome because it functions as a request for documents. *See PIC Grp., Inc., v. Landcoast Insulation, Inc.*, 2010 WL 4791710, at *5 (S.D. Miss. Nov. 18, 2010) (declining to compel further response to interrogatory asking for oral communications because it was "unreasonably and unduly burdensome and the least efficient way to obtain the information."). Defendant further objects to this Interrogatory because it prematurely and improperly requires Defendant to marshal all facts and evidence in support of its claims and defenses.

**INTERROGATORY NO. 4:** Identify all individuals who had input into the decision to terminate Kentrez Grant and to select the Selectee, _____.

**ANSWER:** Defendant objects to this Interrogatory as vague and ambiguous because it does not specify what is meant by "Selectee."

Defendant states that Christopher Joseph, Olive Brown, Michelle Harris, Dennis Garza, and Danielle Kruit had input into the decision to terminate Plaintiff's employment.

**INTERROGATORY NO. 5:** Did Kentrez Grant ever damage any equipment while employed with Delta Air Lines, Inc.?

**ANSWER:** Defendant objects to this Interrogatory because it seeks information that can be obtained from some other source that is more convenient, less burdensome, or less expensive—namely, Plaintiff himself. *See* FED. R. CIV. P. 26(b)(2)(C)(i).

Defendant states that it currently has no information in its possession, custody, or control suggesting that Plaintiff substantially damaged Defendant's equipment during his employment with Defendant. Defendant reserves the right to modify or supplement this answer based on any future investigation.

**INTERROGATORY NO. 6:** Explain fully the safeguards used, if any, to protect against possible or potential bias or discriminatory actions prohibited by law in the selection process for employment and termination.

**ANSWER:** Defendant objects to this Interrogatory as vague and ambiguous because it does not identify the "selection process" for which it seeks information. Defendant interprets this Interrogatory as requesting information on Defendant's equal employment opportunity policies related to its hiring and employment procedures. Defendant further objects to this Interrogatory, to the extent it seeks information about Defendant's hiring procedures, as overbroad and not proportional to the needs of the case because it is not limited in temporal scope to the time period giving rise to Plaintiff's claims or in subject matter to the facts giving rise to Plaintiff's claims. *See* FED. R. CIV. P. 26(b)(1). Defendant's hiring procedures are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as Plaintiff does not allege that Defendant acted unlawfully in hiring him. As such, the burden and expense of obtaining the

proposed discovery outweighs its likely benefit, taking into account the amount in controversy, the importance of the issues at stake in litigation, and the importance of the proposed discovery in resolving the issues. *Id.*

Within 14 days of the Court entering a Protective Order in the case, Defendant will produce its relevant employment policies, including its anti-discrimination policies.

**INTERROGATORY NO. 7:** Identify Accommodation Board members and personnel that made decisions on Kentrez Grant request for Accommodation during August 1, 2024 to September 27, 2024.

**ANSWER:** Defendant objects to this Interrogatory as vague and ambiguous with respect to the phrase "Accommodation Board members." Defendant further objects to this Interrogatory as it assumes facts not yet in evidence, namely that a decision was made on any request for accommodation submitted by Plaintiff.

Defendant states that it rendered no decision on any request for accommodation submitted by Plaintiff, as he never completed the necessary steps to submit such a request.

**INTERROGATORY NO. 8:** What is the policy for an employee that needs accommodations but a provider cannot be reached in 7 days or less?

**ANSWER:** Within 14 days of the Court entering a Protective Order in the case, Defendant will produce its relevant employment policies, including its policies on reasonable accommodations.

**INTERROGATORY NO. 9:** List in detail all reasons that Kentrez Grant was terminated.

**ANSWER:** Defendant terminated Plaintiff's employment for violations of Defendant's workplace violence policy and prohibition against recording, specifically because Plaintiff made threats of harm to coworkers, argued and lost his temper with coworkers, and recorded conversations with coworkers without their consent.

**INTERROGATORY NO. 10:** List all information relied upon by all the managers and the selecting officials in the termination of Kentrez Grant.

**ANSWER:** Defendant interviewed several witnesses as part of their investigation into complaints made about Plaintiff's workplace conduct. The witnesses confirmed that Plaintiff threatened his coworkers with violence, argued with them and lost his temper, and recorded their conversations without their consent.

**INTERROGATORY NO. 11:** Please list all information relied upon by all the managers and selecting officials to not accommodate or discuss issues with accommodation for Kentrez Grant.

**ANSWER:** Defendant objects that this Interrogatory assumes facts not yet in evidence, specifically that Defendant denied Plaintiff's accommodation request or failed to discuss accommodation options with Plaintiff. Based on this objection, Defendant is unable to provide a response to this Interrogatory.

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTATION AND INTERROGATORIES - Page 5**

**INTERROGATORY NO. 12:** What is NAVEX EthicsPoint report key 611523383501 Password (it was supposed to be provided by the administrator)?

**ANSWER:** Defendant objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited in temporal scope to the time period giving rise to Plaintiff's claims or in subject matter to the facts giving rise to Plaintiff's claims. *See* FED. R. CIV. P. 26(b)(1). The password to a NAVEX EthicsPoint report is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as it has no bearing on whether Defendant terminated Plaintiff's employment for legitimate, non-discriminatory reasons. As such, the burden and expense of obtaining the proposed discovery outweighs its likely benefit, taking into account the amount in controversy, the importance of the issues at stake in litigation, and the importance of the proposed discovery in resolving the issues. *Id*.

**INTERROGATORY NO. 13:** Were all Delta policies, rules and procedures in the termination process followed? If not, please state: (a) each policy, rule or procedure not followed; (b) the individual failing to follow the rule, procedure or policy; and (c) the reason for the rule, procedure or policy having been violated.

**ANSWER:** Defendant states that it followed its policies, rules, and procedures when taking employment actions related to Plaintiff's employment.

**INTERROGATORY NO. 14:** Under what legal authority (rule, procedure or policy) was the termination of Kentrez Grant based on?

**ANSWER:** Plaintiff's employment was at-will. Defendant terminated Plaintiff's employment for violations of Defendant's workplace violence policy, specifically because Plaintiff made threats of harm to coworkers, argued and lost his temper with coworkers, and recorded conversations with coworkers without their consent.

**INTERROGATORY NO. 15:** Identify timeline Brandon Cummings supervised Kentrez Grant.

**ANSWER:** Defendant states that Mr. Cummings acted as Plaintiff's supervisor, as that term is defined under applicable law, for the duration of Plaintiff's employment with Defendant.

**INTERROGATORY NO. 16:** Identify timeline Christopher Joseph supervised Kentrez Grant.

**ANSWER:** Defendant states that Mr. Joseph also acted as Plaintiff's supervisor, as that term is defined under applicable law, for the duration of Plaintiff's employment with Defendant.

**INTERROGATORY NO. 17:** Were any supervisors, directors, or C-Suite Officers aware of the issues and the complaint Kentrez Grant filed with the EEOC (July 27, 2024) on or before August 8, 2024?

**ANSWER:** Defendant objects to this Interrogatory as vague and ambiguous because it does not define with particularity "the issues."

Based on information currently available to it, Defendant states that no supervisors, directors, or C-Suite Officers were aware on or before August 8, 2024, that Plaintiff had filed a complaint with

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTATION AND INTERROGATORIES - Page 6**

the EEOC.

**INTERROGATORY NO. 18:** Did Kentrez Grant have any negative infractions in his performance records before August 8, 2024?

**ANSWER:** Defendant states that Plaintiff did have negative infractions in his performance records before August 8, 2024. On at least two occasions in July 2024, Plaintiff made threatening remarks to his coworkers that violated Defendant's workplace violence policy.

**INTERROGATORY NO. 19:** Within the previous 1 year, identify all employees terminated under the direct supervision of Christopher Joseph. State the individual's name, gender, title and ethnicity.

**ANSWER:** Defendant objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited in temporal scope to the time period giving rise to Plaintiff's claims or in subject matter to the facts giving rise to Plaintiff's claims. *See* FED. R. CIV. P. 26(b)(1). The identities of employees other than Plaintiff who were under Mr. Joseph's supervision and terminated in the previous year are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as they have no bearing on whether Defendant terminated *Plaintiff's* employment for legitimate, non-discriminatory reasons. As such, the burden and expense of obtaining the proposed discovery outweighs its likely benefit, taking into account the amount in controversy, the importance of the issues at stake in litigation, and the importance of the proposed discovery in resolving the issues. *Id.*

**INTERROGATORY NO. 20:** List all charges, investigations and complaints of **ANY** discrimination or wrongful termination filed in the last 5 years against anyone who had input in the final decision of who to promote, select, or terminate within the Austin Station of Delta Air Lines, Inc.

**ANSWER:** Defendant objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited in temporal scope to the time period giving rise to Plaintiff's claims or in subject matter to the facts giving rise to Plaintiff's claims. *See* FED. R. CIV. P. 26(b)(1). All charges, investigations, and complaints filed against anyone who merely had input into supervisory decisions at the Austin Station—including those who never acted as Plaintiff's supervisor—over the course of five years are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as they have no bearing on whether Defendant terminated *Plaintiff's* employment for legitimate, non-discriminatory reasons. As such, the burden and expense of obtaining the proposed discovery outweighs its likely benefit, taking into account the amount in controversy, the importance of the issues at stake in litigation, and the importance of the proposed discovery in resolving the issues. *Id.*

**INTERROGATORY NO. 21:** Documents and information for any insurance agreement which may be used for indemnification or reimbursement purposes.

**ANSWER:** Defendant objects to this Interrogatory as unduly burdensome because it functions as a request for documents. *See PIC Grp., Inc.*, 2010 WL 4791710, at *5. Defendant further objects to this Interrogatory because it seeks information that can be obtained from some other source that is more convenient, less burdensome, or less expensive, as Plaintiff already possesses Defendant's

Initial Disclosures served on April 10, 2025, which contain responsive information. *See* FED. R. CIV. P. 26(b)(2)(C)(i).

Defendant states that it has EPLI coverage with a high deductible. Based upon the facts alleged by Plaintiff, Defendant does not believe that the policy will be implicated in this action.

**INTERROGATORY NO. 22:** Provide a copy of the October 2021 Delta Ramp Procedures and the most current edition of the Delta Ramp Procedures.

**ANSWER:** Defendant objects to this Interrogatory as unduly burdensome because it functions as a request for documents. *See PIC Grp., Inc.*, 2010 WL 4791710, at *5. Defendant further objects to this Interrogatory as vague and ambiguous because it does not define with particularity the phrase "Delta Ramp Procedures." Defendant further objects to this Interrogatory as overbroad and not proportional to the needs of the case because it is not limited in temporal scope to the time period giving rise to Plaintiff's claims or in subject matter to the facts giving rise to Plaintiff's claims. *See* FED. R. CIV. P. 26(b)(1). To the extent Plaintiff can define "Delta Ramp Procedures," any of Defendant's procedures related to ramps are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as they have no bearing on whether Defendant terminated Plaintiff's employment for legitimate, non-discriminatory reasons. As such, the burden and expense of obtaining the proposed discovery outweighs its likely benefit, taking into account the amount in controversy, the importance of the issues at stake in litigation, and the importance of the proposed discovery in resolving the issues. *Id.*

**INTERROGATORY NO. 23:** List all employees terminated from the Austin Station, Delta Air Lines, Inc. within the last two years state their ethnicity, race, gender, and whether protected under ADA.

**ANSWER:** Defendant objects to this Interrogatory as duplicative of Interrogatory Number 19. Defendant further objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited in temporal scope to the time period giving rise to Plaintiff's claims or in subject matter to the facts giving rise to Plaintiff's claims. *See* FED. R. CIV. P. 26(b)(1). The identities of employees other than Plaintiff who were terminated in the previous two years are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as they have no bearing on whether Defendant terminated *Plaintiff's* employment for legitimate, non-discriminatory reasons. As such, the burden and expense of obtaining the proposed discovery outweighs its likely benefit, taking into account the amount in controversy, the importance of the issues at stake in litigation, and the importance of the proposed discovery in resolving the issues. *Id.*

**INTERROGATORY NO. 24:** What timeframes Ryan Langel has been /was employed with Delta Air Lines, Inc.?

**ANSWER:** Defendant objects to this Interrogatory as overbroad and not proportional to the needs of the case because it is not limited in temporal scope to the time period giving rise to Plaintiff's claims or in subject matter to the facts giving rise to Plaintiff's claims. *See* FED. R. CIV. P. 26(b)(1). The timeframe of Mr. Langel's employment is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as it has no bearing on whether Defendant terminated

Plaintiff's employment for legitimate, non-discriminatory reasons. As such, the burden and expense of obtaining the proposed discovery outweighs its likely benefit, taking into account the amount in controversy, the importance of the issues at stake in litigation, and the importance of the proposed discovery in resolving the issues. *Id.* Defendant further objects to this Interrogatory to the extent it seeks privileged information.

**INTERROGATORY NO. 25:** Do properly operational belt loaders move while the emergency brake is engaged without pressing the accelerator?

**ANSWER:** Defendant objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited in temporal scope to the time period giving rise to Plaintiff's claims or in subject matter to the facts giving rise to Plaintiff's claims. *See* FED. R. CIV. P. 26(b)(1). The mechanics of a belt loader are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as they have no bearing on whether Defendant terminated Plaintiff's employment for legitimate, non-discriminatory reasons. As such, the burden and expense of obtaining the proposed discovery outweighs its likely benefit, taking into account the amount in controversy, the importance of the issues at stake in litigation, and the importance of the proposed discovery in resolving the issues. *Id.*

Dated: June 20, 2025                                              Respectfully submitted,

*/s/ Celeste R. Yeager*
Celeste R. Yeager
Texas Bar No. 00797715
cyeager@littler.com
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, Texas 75201.2931
Telephone:     214.880.8100
Facsimile:      214.880.0181

Josh K. Ordiway
Texas Bar No. 24126538
jordiway@littler.com
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone:     512.982.7250
Facsimile:      512.982.7248

**ATTORNEYS FOR DEFENDANT
DELTA AIR LINES, INC.**

## CERTIFICATE OF SERVICE

       This is to certify that a true and correct copy of the above and foregoing has been served upon the following *Pro Se* Plaintiff via e-mail at kentrez_78@yahoo.com and USPS on this 20th day of June, 2025, to:

Kentrez Grant
4516 Burleson Road, #17848
Austin, Texas 78744
Kentrez_78@yahoo.com

*Pro Se Plaintiff*

                                                */s/ Josh K. Ordiway*
                                                Josh K. Ordiway