IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **KENTREZ GRANT,** § § §<br>**Plaintiff,** § §<br>v. § §<br>**DELTA AIR LINES, INC.,** § §<br>**Defendant.** § § | CIVIL ACTION NO. 1:25-cv-00154-ADA |

## **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendant Delta Air Lines, Inc. files this Response to Plaintiff's "Objection: Motion for Reconsideration of Orders Re Granting Stay of Discovery and Partial Motion to Dismiss." *See* ECF No. 49.

Grant's motion appears to request that the Court reconsider its Order Granting Defendant's Motion to Stay Discovery (ECF No. 47) and its orders on Defendant's Partial Motion to Dismiss (ECF Nos. 28, 48) pursuant to Federal Rule of Civil Procedure 60(b). However, Rule 60(b) applies only to "final judgments"; therefore, Grant's motion should be construed as a motion to reconsider an *interlocutory* order under Rule 54(b). *See Doss v. Morris*, No. SA-11-CV-00116-DAE, 2013 WL 3050298, at *1 (W.D. Tex. June 17, 2013).

Courts evaluate Rule 54(b) motions "under the same standards that govern Rule 59(e) motions to alter or amend a final judgment." *Id*. at *2 (citations omitted). "Under Rule 59(e), there are three primary grounds for reconsideration: (1) an intervening change in the controlling law, (2) newly discovered evidence, or (3) manifest error of law or fact." *Id*. (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Id*. (citing *Guy v.*

*Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)). A motion to alter or amend the judgment under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id*. (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003)).

Here, Grant's motion fails to show an intervening change in controlling law, newly discovered evidence, or manifest error of law or fact. Further, he has already had the chance to raise every argument presented in his motion. *See* ECF No. 19 (Plaintiff's Response Re: Partial Motion to Dismiss); ECF No. 42 (acknowledging Delta's Motion to Stay); ECF No. 44 (arguing that Delta's Motion to Stay should be denied). Accordingly, Grant fails to allege any grounds for reconsideration under Rule 59(e).

For the foregoing reasons, Delta respectfully requests that this Court deny Plaintiff's Objection: Motion for Reconsideration of Orders Re Granting Stay of Discovery and Partial Motion to Dismiss. *See* ECF No. 49.

Dated:  July 18, 2025                                            Respectfully submitted,

                                                */s/ Celeste R. Yeager*
                                                Celeste R. Yeager
                                                Texas Bar No. 00797715
                                                cyeager@littler.com
                                                LITTLER MENDELSON, P.C.
                                                2001 Ross Avenue, Suite 1500
                                                Dallas, Texas 75201.2931
                                                Telephone:    214.880.8100
                                                Facsimile:    214.880.0181

                                                Josh K. Ordiway
                                                Texas Bar No. 24126538
                                                jordiway@littler.com
                                                LITTLER MENDELSON, P.C.
                                                100 Congress Avenue, Suite 1400
                                                Austin, Texas 78701
                                                Telephone:    512.982.7250
                                                Facsimile:    512.982.7248

                                                **ATTORNEYS FOR DEFENDANT**
                                                **DELTA AIR LINES, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that on July 18, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, and electronically served same using the Case Management/Electronic Case Filing (CM/ECF) system of the Court. I further certify that a true and correct copy of the foregoing was served upon the following via e-mail and USPS mail:

Kentrez Grant
4516 Burleson Road, #17848
Austin, Texas 78744
Kentrez_78@yahoo.com

*Pro Se Plaintiff*

                                                */s/ Josh K. Ordiway*
                                                Celeste R. Yeager
                                                Josh K. Ordiway