UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |  |
|---|---|---|
| **KENTREZ GRANT** | § § § § § | |
| Plaintiff, | § § | |
| -vs- | § § § | Case No.: 1:25-CV-00154ADA |
| **DELTA AIR LINES, INC.,** | § § § | |
| Defendant. | § § | |

**PLAINTIFF'S REPLY to RESPONSE of MOTION FOR RECONSIDERATION**

  Plaintiff, KENTREZ GRANT, Pro Se, files this reply in support of the Motion for Reconsideration (ECF No. 49) and to request the Court to amend the Rule for the Motion to reflect Rule 54. Courts evaluate Rule 54(b) motions "under the same standards that govern Rule 59(e) motions to alter or amend a final judgment."/d. at *2 (citations omitted). "Under Rule 59(e), there are three primary grounds for reconsideration: (1) an intervening change in the controlling law, (2) newly discovered evidence, or (3) manifest error of law or fact." Jd. (citing Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003)). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" Jd. (citing Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir. 2004)). A motion to alter or amend the judgment under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." Jd. (citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 863-64 (Sth Cir. 2003)).  Mr. Grant did not know of the conflicting evidence of Dennis Garza suspending him as annotated on the signed disclosure from the Defendant (ECF No. 49-2 at 3) emailed on **Friday, June 20, 2025** nor the meaning of the confidential suspension. This does not reflect the actual facts of Christopher Joseph suspending the Plaintiff. Mr. Grant

was informed of being suspended for plausibility of damage to equipment and injuring personnel due to his prescriptions on **August 16, 2024** by Christopher Joseph at the BW OSM office located at 3600 Presidential Blvd, Austin, TX 78719. *Plaintiff-Unpaid Suspension Pending Review for Continued Employment* filed **March 10, 2025** (ECF No. 11-14). This is new evidence that was discovered on **June 20, 2025** and when the Plaintiff asked for affidavits of declarations for accountability the Defendant's Counsel said they will send corrections with declarations on **June 24, 2025** (ECF No. 49-4). Instead of transparency on case matters, an Order Granting the Motion to Stay (ECF No. 47) coincidently was placed on **June 26, 2025**. There is also the possibility of Mr. Grant being falsely accused of damaging an aircraft to preserve the employment of an employee that does not share any of Mr. Grant's protected demographics. All of which would substantiate plausibility of the alleged actions of Delta Air Lines, Inc. employees and staff against Mr. Grant. The discovery of false information against Mr. Grant would substantiate discrimination, gross negligence, violations of the regulations of Federal Aviation Administration (FAA), and Delta's own guidelines and policies. The attached email (Exhibit A) was sent to the Plaintiff from an organization that tracks Delta Air Lines, Inc. investigations within the workplace.

> The organization has submitted an update to the report you submitted with the report key: 611523383501
>
> You should proceed to https://secure.ethicspoint.com/domain/en/login.asp and enter your report key and password to view the posting.

I am assuming an African American/Black employee did this complaint on my behalf and was possibly terminated by the Defendant and without discovery this is another factor that leaves unanswered questions. Someone did this ethics report and Mr. Grant never received any documentation pertaining to the report other than the email. Mr. Grant was never made aware by the Defendant nor any employee or representative of Delta on the information pertaining to the email. The organization did inform Mr. Grant they handle all ethical situations to include investigations pertaining to damage to property.

Information within the case file would assist in determining the facts of the case and should be disclosed before a final decision. Without disclosure it is obstruction to the Plaintiff's liberties and rights he defended the nation to preserve for all Americans.

## CONCLUSION

In CONCLUSION, the Plaintiff, as relief for this motion, requests that the Court ACKNOWLEDGES the Motion for Reconsideration be pursuant of Fed. R. Civ. P. Rule 54, publish a Scheduling Order granting the necessary time to conduct discovery, preserving the rights of the Plaintiff. Mr. Grant also requests a Stay until dispositions of the Motion to Compel Initial Disclosures, and a conference for possible sanctions against Delta Air Lines, Inc., for failure to disclose. The Plaintiff asks the Court to provide an Order compelling Delta Air Lines, Inc. to properly disclose the initial disclosures due to facts not reflecting disclosures from Delta Air Lines, Inc. concerning the termination of Mr. Grant and the possible use of Mr. Grant falsely listed as a person who damaged aircraft and equipment during his employment, which will need discovery. The verification through discovery and or disclosure could reveal hidden motives for terminating Mr. Grant because of his protected demographics. After proper disclosures from Delta Air Lines, Inc. have been received, the Plaintiff will perfect his complaint from facts gathered and the opportunity to correct the clerical error of not including the counts of retaliation. The Plaintiff also requests that the Court add the mandated Alternative Dispute Resolution deadline to the Scheduling Order, allowing the proper time to conduct the ADR conferences.

Respectfully Submitted, **July 25, 2025**      /s/ *KENTREZ GRANT*
Kentrez Grant
(Pro Se)
4516 Burleson Rd.
#17848
Austin, TX 78744
Telephone:(254)458-9661
kentrez_78@yahoo.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on **July 25, 2025**, I electronically submitted the foregoing document with the clerk of the Court for the U.S. District Court, Western District of Texas, and electronically served same using the Case Management/Electronic Case Filing (CM/ECF) system of the Court. I further certify that a true and correct copy of the foregoing was served upon ATTORNEYS FOR DEFENDANT DELTA AIR LINES, INC.:

Celeste R. Yeager at email cyeager@littler.com and Josh K. Ordiway at jordiway@littler.com and mailed via USPS at:

LITTLER MENDELSON, P.C.

2001 Ross Avenue, Suite 1500

Dallas, TX 75201

      /s/ *KENTREZ GRANT*
Kentrez Grant
(Pro Se)
4516 Burleson Rd.
#17848
Austin, TX 78744
Telephone:(254)458-9661
kentrez_78@yahoo.com