IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **KENTREZ GRANT** | § § § § § | |
| Plaintiff, | § § | |
| -vs- | § § § | Case No.: 1:25-CV-00154ADA |
| **DELTA AIR LINES, INC.,** | § § § | |
| Defendant. | § § | |

**PLAINTIFF'S OPPOSED MOTION for SCHEDULING ORDER; CONFERENCE/
STATUS HEARING on December 23, 2025**

The Plaintiff, KENTREZ GRANT, Pro Se, files this Opposed Motion for Scheduling Order; Conference/Status Hearing; and Stay for Disposition of Motions See ECF No. 52. The Defendant, Delta Air Lines, Inc., filed a response titled Defendant's Response to Plaintiff's Motion for Scheduling Order; Conference/Status Hearing; and Stay for Disposition of Motions on, August 1, 2025. *See* ECF No. 53. The Plaintiff conferred about the efforts of a Scheduling Conference and difficulty arranging with the Court Deputy on numerous occasions. The last conference was the email dated May 30, 2025, from Josh Ordiway (Attorney for Delta Air Lines, Inc.) to Kentrez Grant. The email states that Delta will likely oppose the motion due to a pending Third Motion to Dismiss. This reply will address the arguments of Delta, clear up issues of clerical errors of the scheduling conference, which was to: (1) Entering a Scheduling Order, (2) to have a conference to address possible sanctions against Delta Air Lines, Inc., adjust dates for trials and discovery due to unforeseen delays due to the lack of cooperation from Delta Air Lines, Inc., (3) Disposition of Motions to include Delta's Third Motion to Dismiss (ECF No. 37) to amend Complaint. A Proposed Hearing Order is attached to this motion See Exhibit A Proposed Conference/ Status Hearing dated for December 23, 2025.

## I. DISCUSSION

### A. Request for Scheduling Order

Delta claims not to oppose the Court entering an appropriate scheduling order. However, "Delta's position is that it is premature to enter a scheduling order while Delta's Third Motion to Dismiss remains pending." *See* ECF No. 53 at 1. This response has been the "crutch" to maintain a lack of transparency on this case whenever there are any matters about any form of discovery. In Delta's response, a reluctant opposition **is** insinuated through the mention, yet again, of the pending motion to dismiss. Whenever anything has consisted of discovery or addressing the Court of evidence since the Rule 26 (f) on **March 27, 2025**, Delta has been opposing movements about discovery with the same response of a "pending Motion to Dismiss" on April 10, 2025. *See* ECF No. 24 at 3. The lack of proper initial disclosures digitally signed by Delta and the continuous attempts to avoid any form of discovery, except informing the Court of the conglomerate that manages investments and monies for things such as federal retirement funds. All these issues and continuous lack of cooperation are primarily due to the lack of an actual scheduling order that maintains order and mitigates deflection and dismissive attempts to address case matters.

### B. Request for Status Conference

Delta claims to not oppose the Court holding a general status conference, but again, **NOTICE** that Delta's position is that it would be premature to have a conference before disposition of motion to dismiss. This statement alone contradicts the thought of lacking opposition as well as the attached emails, Email Dated May 30, 2025 Re: Motion for Evidentiary Hearing (ECF No. 52-1) and Email dated Jun 12, 2025 Kentrez Grant v. Delta Air Lines Inc. Status of Schedule Order (ECF No. 52-2) to address the matters of sanctions the Plaintiff wish to discuss the matters with the Court and elaborate on the lack of initial disclosures according to Fed. R. Civ P. Rule 16. which were the violations for sanctions indeed took place by the opposing party, Delta Air Lines, Inc. The Plaintiff wanted to have the conference with the Court to address matters on

record to ensure transparency due to the continuous altering of statements and movements filed by the Plaintiff. Delta, through counsel stated:

> "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." FED.R.CIV. P. 11(c)(2). Additionally, "Federal Rule of Civil Procedure 11(c)(2) requires 'that a party serve a motion for sanctions on the opposing party at least 21 days before it is filed with the district court.'" Edwards v. Palmer Fin. Consultant, Inc., No. A-24-CV-1012-DAE, 2025 WL 1577019, at *2 (W.D. Tex. Apr. 9, 2025) (quoting Margetis v. Furgeson, 666 F. App'x 328, 331 (5th Cir. 2016)). "If, and only if, 'the challenged paper, claim, defense, contention, or denial' is not 'withdrawn or appropriately corrected' within the 21-day period may the motion then 'be filed or . . . presented to the Court,' *See* ECF No. 53 at 2.

Delta conveniently left out Fed. R. Civ. P. Rule 11(c) (3):

> ***On the Court's Initiative.*** **On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).**

and Fed. R. Civ. P. Rule 26 (g) (3)

> ***Sanction for Improper Certification.*** **If a certification violates this rule without substantial justification, <u>THE COURT</u> on motion or <u>on its own</u>, <u>MUST IMPOSE</u> an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.**

The fact that this is being addressed, and Delta is oblivious to the grounds for sanctions, and is leaving out obvious concerns of their violations of the Fed. R. Civ. P. Rules Rule 26(a), Rule 26(g), and other matters that addressed the lack of properly providing initial disclosures need some form of oversight from the Court. As stated, numerous times by the Counsel of Delt Air Lines, Inc., "Grant's "status as a pro se litigant does not excuse him from complying with the

applicable rules of procedural and substantive law." *See Id.* This statement, presumably, would apply to a party with counsel or a juris doctorate in law as well. Mr. Grant has not received any information or form of initial disclosures from Delta Air Lines, Inc. since August 16, 2024 (almost a year), the time of his wrongful suspension by Christopher Joseph, which coincidentally contradicts the disclosure of Dennis Garza's allegation of suspending Mr. Grant. The fact that the only disclosure that Mr. Grant has ever received from Delta Air Lines, Inc. does not correlate with the narrative of Delta providing for a disclosure proves the necessity for discovery. *See* ECF No. 49-2 at 3. Delta has not properly disclosed the insurance information nor any of the other information since, April 10, 2025. Mr. Grant has brought the facts of Delta failing to make disclosures since March 27, 2025 at the 26 (f) Conference held telephonically and abruptly cut short by Delta refusing to discuss discovery. In the very minute and vague disclosures provided in the Defendant's Objections and Responses to Plaintiff's Request for Production of Documentation and Interrogatories (ECF No. 49-2, at 3) contradicts known facts about Mr. Grant's Complaint such as the Delta Representative that suspended Mr. Grant on August 16, 2024 being Christopher Joseph not Dennis Garza. The Plaintiff wish to ask the Court if attached Exhibit B (Financial Disclosures for the Honorable Alan D. Albright)[1] has any correlations to the same corporation the Defendant disclosed on February (See ECF No. 6 Defendant's Rule 7.1 Disclosure Statement) before the convenient transfer of the case for Delta Air Lines Inc. on March 27, 2025.

### C. Request to Vacate Ruling on Delta's Third Motion to Dismiss and Compel Supplemental Initial Disclosures

Mr. Grant filed his Second Amended Complaint on May 5, 2025 and due to a technical error of some sort had to file the Amended Complaint as a Notice. *See* ECF No. 35-2. Mr. Grant wants the correct initial disclosures to properly gather the facts and properly present his case before the Court which is the law. There is no designated limit on the number of amended complaints. However, there are ethic rules against attorneys deliberately undermining the Court and bring up things the Court has stricken from the record. Delta has habitually made mistakes to inflate the number of Complaints filed and to discuss complaints removed from the record.

---

[1] Financial Disclosures for the Honorable Alan D. Albright were dated for FY 2020 and public knowledge gathered from Court Listener by Free. Law at https://www.courtlistener.com/person/8533/disclosure/33292/alan-d-albright/ on November 30, 2025. **Vanguard** appears **4** times.

NOTICE: PLAINTIFF, KENTREZ GRANT FORMALLY OBJECT TO, Delta continuously bringing up documents and matters stricken from the record. If the Plaintiff had a juris doctorate or representation the mistakes removed from the record would not have taken place. Due to the issues being caused by those with accreditations I ask for respect of the Court and to have Delta's Counsel ordered to address only the matters on record as professionals of law. The number of Complaints that the Plaintiff is aware of is the Second Amended Complaint. Federal Rule of Civil Procedure Rule 15 aims to provide flexibility and fairness by allowing parties to fully present their cases as they develop. It also promotes efficiency by avoiding the need for new lawsuits due to initial pleading errors. The overall goal is to ensure that cases are decided based on their substantive merits rather than procedural flaws. In summary, while there isn't a right to "unlimited" amendments, Federal Rule of Civil Procedure 15 and related case law strongly support a liberal approach to amending complaints to facilitate the pursuit of justice by ensuring cases are decided on their merits. Due to Delta's lack of adhering to case law before the Court, lack of cooperation, lack of transparency, and confliction with direct evidence proves there is a dire need for discovery and plausibility of some illegal or unethical act. The Supreme Court has emphasized a liberal policy regarding amendments, stating in *Foman v. Davis* that denying leave to amend without a valid reason is an abuse of discretion. Delta Air Lines, Inc. opposed any hearing pertaining to this case. *See* Attached Exhibit C *Email Dated October 20, 2025 Delta Opposes any hearings*.

## II. CONCLUSION

In CONCLUSION, the Plaintiff requests that the Court grants this motion for a status conference/hearing (on **December 23, 2025 at 0900 at Austin Courtroom (TBD) the Defendant must provide a party that can make decision pertaining to negotiations and legal matters on behalf of Delta Air Lines, Inc.)** to publish a Scheduling Order granting the necessary time to conduct discovery, preserving the rights of the Plaintiff. Clarify disposition of motions to include: Motion to Compel Initial Disclosures, and a conference for possible sanctions against
Delta Air Lines, Inc., for failure to disclose. The Plaintiff asks the Court to vacate the Order

granting a stay of discovery on behalf of Delta Air Lines, Inc. Vacating the Stay of Discovery will allow Delta Air Lines Inc. to properly disclose the initial disclosures. Due to facts not reflecting disclosures from Delta Air Lines, Inc. concerning the termination of Mr. Grant and the plausibility of Mr. Grant being falsely listed as a person who damaged aircraft and equipment during his employment. All of which will need discovery. The verification through discovery and or disclosure would reveal hidden motives for terminating Mr. Grant because of his protected demographics and the facts of retaliation. After proper disclosures from Delta Air Lines, Inc. have been received, the Plaintiff can perfect his complaint from facts gathered and correct the clerical error of not including the counts of retaliation. The Plaintiff also requests that the Court add the mandated Alternative Dispute Resolution deadline to the Scheduling Order, allowing the proper time to conduct the ADR conferences.

Respectfully Submitted, **December 3, 2025**

/s/ *KENTREZ GRANT*
Kentrez Grant
(Pro Se)
4516 Burleson Rd.
#17848
Austin, TX 78744
Telephone:(254)458-9661
kentrez_78@yahoo.com

## DECLARATION

The undersigned declares under penalty of perjury that, to the best of my knowledge, the statements in the above reply are true and all disclosures filed by Kentrez Grant, with the Court since January 31, 2025 are true and are as kept in their original state except for privacy redactions.

Austin, Texas, this __3rd__ day December, 2025.

_____
Kentrez Grant
(Pro Se)
Plaintiff

## TEXAS NOTARY ACKNOWLEDGMENT

State of Texas
County of __TRAVIS__

Before me, __IVY PACHECO__ on this day personally appeared __KENTREZ GRANT__, known to me (or proved to me on the oath of __N/A__ or through __TX DRIVER LICENSE__ to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this __3rd__ day of __December__, 20__25__.

(seal)

IVY PACHECO
Notary Public, State of Texas
Comm. Expires 01-15-2029
Notary ID 135231489

_____
Notary Public Signature

**CERTIFICATE OF SERVICE**

I hereby certify that on **December 3, 2025**, I electronically submitted the foregoing document with the clerk of the Court for the U.S. District Court, Western District of Texas, and electronically served same using the Case Management/Electronic Case Filing (CM/ECF) system of the Court. I further certify that a true and correct copy of the foregoing was served upon ATTORNEYS FOR DEFENDANT DELTA AIR LINES, INC.:

Celeste R. Yeager at email cyeager@littler.com and Josh K. Ordiway at jordiway@littler.com and mailed via UPS at:

LITTLER MENDELSON, P.C.

2001 Ross Avenue, Suite 1500

Dallas, TX 75201

 /s/ *KENTREZ GRANT*
Kentrez Grant
(Pro Se)
4516 Burleson Rd.
#17848
Austin, TX 78744
Telephone:(254)458-9661
kentrez_78@yahoo.com