IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **KENTREZ GRANT,** § § § | |
| **Plaintiff,** § § | |
| v. § § | **CIVIL ACTION NO. 1:25-cv-00154-ADA** |
| **DELTA AIR LINES, INC.,** § § § | |
| **Defendant.** § § | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SCHEDULING ORDER AND STATUS HEARING

Defendant Delta Air Lines, Inc. files this Response to Plaintiff's Opposed Motion for Scheduling Order; Conference/Status Hearing on December 23, 2025 ("Motion").[1] *See* ECF No. 55.

Grant's "Motion" is not an actual motion requesting new relief from the court. It is, instead, a near carbon-copy of Grant's Reply (*see* ECF No. 54) in support of his Motion for Scheduling Order; Conference/Status Hearing; and Stay for Disposition of Motions filed on August 8, 2025 (*see* ECF No. 52) ("Original Motion"). In fact, the first sentence of Grant's "Motion" identifies it by Electronic Court Filing Number 52—the number of the Original Motion. Grant's "Motion" simply repackages the Reply (*see* ECF No. 54) to the Original Motion as a new motion. *Compare* ECF No. 54 at 1 ("The Plaintiff, KENTREZ GRANT, Pro Se, files this **Reply** in Support of the Plaintiff's Motion for Scheduling Order; Conference/Status Hearing; and Stay for Disposition of Motions See ECF No. 52."), *with* ECF No. 55 at 1 (The Plaintiff, KENTREZ GRANT, Pro Se, files this **Opposed Motion** for Scheduling Order; Conference/Status Hearing; and Stay for

---

[1] Delta notes that Grant filed his Motion as "opposed." However, Grant never conferred with Delta before filing the Motion.

Disposition of Motions See ECF No. 52.") (emphases added).

Grant's "Motion" differs from the Reply to the Original Motion in these very limited ways:

- The Motion includes a note that Grant attached a proposed order, which specifically requests a hearing on December 23, 2025. *See* ECF No. 55 at 1.

- The Motion's documentary citations are relabeled. *See id*. at 2.

- The Motion adds a provision calling into question the Honorable Judge Albright's impartiality. *See id*. at 4.

- The Motion asks the Court to have Delta's "counsel"—rather than Delta itself—"address only the matters on record as professionals of law." *See id*. at 5.

- The Motion states that Delta is opposed to a hearing in this matter. *See id*.

- The Motion's Conclusion section is similar but not identical to the Reply's; most notably, the Motion adds the specific request for the Court to hold a hearing on December 23, 2025, at 9:00 a.m. *See id*. at 5–6.

Thus, Grant's "Motion" substantively repeats the arguments in his Reply to his Original Motion. Because the Original Motion remains pending, the Court should deny the new "Motion" as redundant.

Even if the Court accepts Grant's "Motion" as a legitimate request for relief, Grant's arguments fail on the merits. Delta interprets Grant's Motion as requesting that the Court (1) enter a scheduling order, (2) hold a status conference on December 23, 2025, to publish a scheduling order and consider sanctions against Delta, (3) vacate its order staying discovery and order Delta to serve amended initial disclosures, and (4) allow Grant to amend his operative complaint. Delta addresses each request in turn.

### I.   Request for Scheduling Order

Both Grant and Delta previously filed proposed scheduling orders. *See* ECF Nos. 32, 33. As stated in Delta's Response to Grant's Original Motion (*see* ECF No. 53), Delta maintains that

it is that it is premature to enter a scheduling order while Delta's Third Motion to Dismiss remains pending. *See* ECF No. 37. Should the Court deny Delta's Third Motion to Dismiss, Delta is not opposed to the Court entering a Scheduling Order.

## II. Request for Status Conference and Sanctions

Delta is not opposed to the Court holding a general status conference but again notes that it would be premature for the same reason stated above. Delta objects, however, to Grant unliterally requesting that the status conference occur at a specific date and time without first conferring with Delta's counsel on their availability.

No colorable basis exists on which Grant may seek sanctions from Delta. Despite Grant's arguments to the contrary, his request is procedurally defective. "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." FED. R. CIV. P. 11(c)(2). Additionally, "Federal Rule of Civil Procedure 11(c)(2) requires 'that a party serve a motion for sanctions on the opposing party at least 21 days before it is filed with the district court.'" *Edwards v. Palmer Fin. Consultant, Inc.*, No. A-24-CV-1012-DAE, 2025 WL 1577019, at *2 (W.D. Tex. Apr. 9, 2025) (quoting *Margetis v. Furgeson*, 666 F. App'x 328, 331 (5th Cir. 2016)). "If, and only if, 'the challenged paper, claim, defense, contention, or denial' is not 'withdrawn or appropriately corrected' within the 21-day period may the motion then 'be filed or . . . presented to the court,' creating a 'safe harbor' from sanctions." *Id*. Grant's "status as a *pro se* litigant does not excuse him from complying with the applicable rules of procedural and substantive law." *Id*. (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Here, Grant's request for a conference to consider "possible sanctions" is buried within countless other grievances and requests in his Motion, and Grant failed to serve Delta with a

motion for sanctions before raising the request in his Motion.

Grant attempts to seek refuge in Federal Rule of Civil Procedure 11(c)(3), which provides that a court may, "on its own," order an attorney, law firm, or party to show cause why conduct specifically described in the court's order is not sanctionable. However, the Court has not issued such an order. Here, Grant is (once again) *moving* the Court to impose sanctions on Delta or its counsel. The Court is therefore not acting "on its own," and the strict requirements of Rule 11(c)(2) continue to apply.

Grant also attempts to cite Federal Rule of Civil Procedure 26(g)(3) to support his request for sanctions. That rule allows a court to impose sanctions if an attorney or party fails to properly sign a Rule 26 disclosure without substantial justification. Under Rule 26(g)(1):

> Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name—or by the party personally, if unrepresented—and must state the signer's address, e-mail address, and telephone number.

Grant fails to identify a disclosure or other discovery document that Delta or its counsel failed to properly sign. Delta's Initial Disclosures, the only Rule 26 disclosures Delta has served in this action, are signed by counsel for Delta and contain counsel's address, e-mail address, and telephone number. *See* **Ex. A**, Defendant's Initial Disclosures. The same goes for Delta's Objections and Responses to Plaintiff's Requests for Production of Documentation and Interrogatories—the only discovery requests or responses Delta has served in this action. *See* **Ex. B**, Defendant's Discovery Responses. Sanctions are thus inappropriate under Rule 26(g)(3).

Even if Grant properly requested sanctions, he still fails to describe Delta's specific conduct that allegedly violates Rule 11(b). A district court may sanction a party if "it finds that the litigant filed a pleading for an improper purpose or that the pleading was frivolous." *Collins v. M&T Bank*, No. SA-24-CV-01074-XR, 2025 WL 1914871, at *3 (W.D. Tex. Apr. 22, 2025)

(citing *Whittington v. Lynaugh*, 842 F.2d 818, 820–21 (5th Cir. 1988)), *reconsideration denied*, No. SA-24-CV-01074-XR, 2025 WL 1914867 (W.D. Tex. May 27, 2025). Grant has not identified a pleading that Delta filed for an improper purpose or that was frivolous. Accordingly, Grant has no basis on which to seek sanctions from Delta.

### III.  Request to Vacate Court's Order Staying Discovery to Allow Delta to Serve Amended Initial Disclosures

Grant fails to identify what legal mechanism allows him to request that the Court vacate its Order Granting Defendant's Motion to Stay Discovery. *See* ECF No. 47. Federal Rule of Civil Procedure 60(a) provides for relief from an order containing a clerical error, but Grant has not identified a clerical error that needs correcting. And Rule 60(b) provides for relief from "final judgments," but the Court has not issued a final judgment in this matter. Thus, Grant has no grounds to seek relief from the Court's Order Granting Defendant's Motion to Stay Discovery.

Even if discovery were reopened, Grant has not shown why Delta must serve amended initial disclosures. The parties already briefed this issue in Plaintiff's Motion to Compel Defendant's Initial Disclosures (*see* ECF No. 40) and Delta's Response thereto (*see* ECF No. 43). In short, Delta's Initial Disclosures fully comply with all four subparts of Rule 26(a)(1)(A). The Initial Disclosures contain contact information for each individual likely to have discoverable information (along with the subjects of that information); a description by category of documents, electronically stored information, and tangible things that Delta may use to support its defenses; a statement that Delta does not seek damages from Grant, other than prevailing party attorneys' fees; and a statement that Delta has Employer Practices Liability Insurance coverage with a high deductible unlikely to be implicated in this action. *See* **Ex. A**, Defendant's Initial Disclosures. Accordingly, Delta properly served initial disclosures.[2]

---

[2] Further, Grant's assertion that he has not received "any information or form of initial disclosures from Delta Air

### IV. Request to Amend Complaint Again

Grant once again asks this Court to allow him to amend his operative complaint. However, this Court already gave Grant "one final opportunity to replead" his claims on April 21, 2025, after Grant had previously amended his operative complaint multiple times. *See* ECF No. 28 at 11. Grant availed himself of this final opportunity by filing his "Second Amended Complaint" on May 6, 2025. *See* ECF No. 35-2.

Even if the Court had not explicitly given Grant a final opportunity to replead, Grant cannot satisfy the requirements of Federal Rule of Civil Procedure 15: Grant cannot avail himself of Rule 15(a)(1) because he has already amended his operative complaint (multiple times), and he cannot utilize Rule 15(a)(2) because he did not seek leave to amend. To the extent Grant's Motion is a request to amend, justice does not require this Court permit him a ***fourth*** bite at the apple.[3] *See* ECF Nos. 1, 10-2, 35-2.

### V. Conclusion

In sum, Grant's "Motion" is redundant and fails to request new relief. Even if this were not true, Delta's position is that entering a scheduling order or holding a status conference is premature while Delta's Third Motion to Dismiss remains pending. Further, no colorable basis exists on which Grant may seek sanctions from Delta, request that the Court vacate its Order Granting Defendant's Motion to Stay Discovery, obtain amended initial disclosures, or amend his operative complaint. For those reasons, the Court should deny Grant's "Opposed Motion for Scheduling Order; Conference/Status Hearing on December 23, 2025." *See* ECF No. 55.

---

Lines, Inc. since August 16, 2024" is false. *See* ECF No. 55 at 4. Delta served its Rule 26(a)(1) initial disclosures on April 10, 2025. *See* **Ex. A**, Defendant's Initial Disclosures.

[3] This number does not include complaints that the Court has since struck. Counting stricken complaints, an additional complaint would give Grant an ***eighth*** bite at the apple. *See* ECF Nos. 1, 7, 8, 10-2, 14, 26, 35-2.

Dated: December 10, 2025

Respectfully submitted,

*/s/ Josh Ordiway*
Celeste R. Yeager
Texas Bar No. 00797715
cyeager@littler.com
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, Texas 75201.2931
Telephone:   214.880.8100
Facsimile:   214.880.0181

Josh K. Ordiway
Texas Bar No. 24126538
jordiway@littler.com
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone:   512.982.7250
Facsimile:   512.982.7248

**ATTORNEYS FOR DEFENDANT
DELTA AIR LINES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, and electronically served same using the Case Management/Electronic Case Filing (CM/ECF) system of the Court. I further certify that a true and correct copy of the foregoing was served upon the following via e-mail and USPS mail:

Kentrez Grant
4516 Burleson Road, #17848
Austin, Texas 78744
Kentrez_78@yahoo.com

*Pro Se Plaintiff*

*/s/Patricia Perez*
Patricia Perez