IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **KENTREZ GRANT** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| -vs- § | Case No.: 1:25-CV-00154ADA | |
| § | | |
| **DELTA AIR LINES, INC.,** § | | |
| § | | |
| Defendant. § | | |

### REPLY IN SUPPORT RE: PLAINTIFF'S OPPOSED MOTION for SCHEDULING ORDER; CONFERENCE/ STATUS HEARING on December 23, 2025

The Plaintiff, KENTREZ GRANT, Pro Se, files this Reply in Support of Opposed Motion for Scheduling Order; Conference/Status Hearing on December 23, 2025 *See* ECF No. 55. The Defendant, Delta Air Lines, Inc., filed a response titled Defendant's Response to Plaintiff's Motion for Scheduling Order; Conference/Status Hearing; and Stay for Disposition of Motions on, December 10, 2025. *See* ECF No. 56. Delta fails to address the motion by its proper title, as they are not the same. The last conference with Delta about a hearing was the email dated October 20, 2025, from Josh Ordiway (Attorney for Delta Air Lines, Inc.) to Kentrez Grant, the Plaintiff. (*See* ECF No. 55-3). The email states that "**Delta opposes a hearing on any filed motion**". This reply will address Delta's arguments and clarify issues related to clerical errors in the scheduling conference, which was to: (A.) Request for Scheduling Order (B.) Request for Status Conference and Sanctions, (C.) Request to Vacate Court's Order Staying Discovery to Allow Delta to Serve Amended Initial Disclosures as contractually via (Josh Ordiway, Counsel for Delta Air Lines, Inc.) agreed in email dated June 24, 2025 (*See* ECF 49-4), (D) Request to Amend Complaint.

## DISCUSSION

### A. Request for Scheduling Order

Delta claims not to oppose the Court entering an appropriate scheduling order. However, "Delta's position is that it is premature to enter a scheduling order while Delta's Third Motion to Dismiss remains pending." (*See* ECF No. 56 at 2 and 3). This response has been the "crutch" to maintain a lack of transparency on this case whenever there are any matters about any form of discovery. In Delta's response, a reluctant opposition **is** insinuated through the mention, yet again, of the pending motion to dismiss. Whenever anything has consisted of discovery or addressing the Court of evidence since the Rule 26 (f) on **March 27, 2025**, Delta has been opposing movements about discovery with the same response of a "pending Motion to Dismiss" on April 10, 2025. (*See* ECF No. 24 at 3). The lack of proper initial disclosures digitally signed by Delta and the continuous attempts to avoid any form of discovery, except informing the Court of Vanguard Inc. being the largest investor of Delta Air Lines' Inc. Fed. R. Civ. P. Rule 7.1 Disclosure with 10% holdings (*See* ECF No. 6). On **May 30, 2025**, Mr. Grant filed a Motion to Compel due to Delta failing to properly provide initial disclosures since **March 27, 2025** (Over **60 days**). Delta did accidentally reveal a contradiction of facts when the improperly disclosed digitally signed Defendant Delta Air Lines, Inc. Initial Disclosures lacked a declaration for statements concerning Dennis Garza's counseling and terminating Mr. Grant. All of which is a lie and contradicts facts filed with the Court and the EEOC. (*See* ECF No. 1-3 at 11; ECF No. 11-14; and **ECF No. 40-5**) Numerous of times throughout the docket, there is a filing of Christopher Joseph counseling and terminating Mr. Grant with no reason and lacking transparency for the termination.  The fact that Delta does not know who actually terminated Mr. Grant leads to questioning the legitimacy of Mr. Grant's termination. All these issues and continuous lack of cooperation are primarily due to the lack of an actual scheduling order that maintains order and mitigates deflection and dismissive attempts to address case matters. Mr. Grant has properly provided more than enough information in comparison to Delta, which seems to be benefiting from a Stay of Discovery, denying the proper tools to create the most transparent display to the Court. **Plaintiff was informed the Court will change and set appropriate date if necessary.**

## B. Request for Status Conference

Delta claims not to oppose the Court holding a general status conference, but again, **NOTICE** that Delta's position is that it would be premature to have a conference before disposition of the motion to dismiss. This statement alone contradicts the thought of lacking opposition, as well as the numerous emails and tactics used by the defendant. The last confer with Delta on **October 20, 2025,** from Josh Ordiway (Attorney for Delta Air Lines, Inc.) to Kentrez Grant, the Plaintiff. (*See* ECF No. 55-3). The email states that "**Delta opposes a hearing on any filed motion**". Mr. Grant wishes to discuss the matters with the Court and elaborate on the lack of initial disclosures according to Fed. R. Civ. P. Rule 16. which were the violations for sanctions indeed took place by the opposing party, Delta Air Lines, Inc. The Plaintiff wanted to have a conference with the Court to address matters on record to ensure transparency due to the continuous alteration of statements and movements filed by the Plaintiff. Delta, through counsel, continuously tries to diminish or completely change the statements and actions of Mr. Grant. The contractual agreement to disclose initial disclosures with corrections was conveniently brought to a halt in the same manner as this case was transferred.

"A motion for sanctions **must be made separately from any other motion.** and must describe the specific conduct that allegedly violates Rule 11(b)." FED.R.CIV. P. 11(c)(2).  Additionally, "Federal Rule of Civil Procedure 11(c)(2) requires 'that a party serve a motion for sanctions on the opposing party at least 21 days before it is filed with the district court.'" Edwards v. Palmer Fin. Consultant, Inc., No. A-24-CV-1012-DAE, 2025 WL 1577019, at *2 (W.D. Tex. Apr. 9, 2025) (quoting Margetis v. Furgeson, 666 F. App'x 328, 331 (5th Cir. 2016)). "If, and only if, 'the challenged paper, claim, defense, contention, or denial' is not 'withdrawn or appropriately corrected' within the 21-day period, may the motion then 'be filed or . . . presented to the Court,' *See* ECF No. 53 at 2.

Delta conveniently left out Fed. R. Civ. P. Rule 11(c) (3):

<u>*On the Court's Initiative.*</u> **On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).**

and Fed. R. Civ. P. Rule 26 (g) (3)

**<u>*Sanction for Improper Certification.*</u> If a certification violates this rule without substantial justification, <u>THE COURT</u> on motion or <u>on its own</u>, <u>MUST IMPOSE</u> an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.**

It clearly states at the Court's discretion. Meaning in situations of no bias or conflicts of interest. The Court would act appropriately based on the facts presented or the lack thereof. The fact that this is being addressed, and Delta is oblivious to the grounds for sanctions, and is leaving out obvious concerns of their violations of the Fed. R. Civ. P. Rules Rule 26(a), Rule 26(g), and other matters that addressed the lack of properly providing initial disclosures need some form of oversight from the Court. As stated, numerous times by the Counsel for Delt Air Lines, Inc., "Grant's "status as a pro se litigant does not excuse him from complying with the applicable rules of procedural and substantive law." *See Id.* This statement, presumably, would apply to a party with counsel or a juris doctorate in law as well. Mr. Grant has not received any information or form of initial disclosures from Delta Air Lines, Inc. since August 16, 2024 (almost a year), the time of his wrongful suspension by Christopher Joseph, which coincidentally contradicts the disclosure of Dennis Garza's allegation of suspending Mr. Grant. The fact that the only disclosure that Mr. Grant has ever received from Delta Air Lines, Inc. does not correlate with the narrative of Delta providing for a disclosure proves the necessity for discovery. (*See* ECF No. 49-2 at 3). Delta has not properly disclosed the insurance information nor any of the other information since April 10, 2025 (**over 251 days**). Mr. Grant has brought the facts of Delta failing to make disclosures since March 27, 2025, at the 26 (f) Conference held telephonically and abruptly cut short by Delta refusing to discuss discovery. The very minute and vague disclosures provided in the Defendant's Objections and Responses to Plaintiff's Request for Production of Documentation and Interrogatories (ECF No. 49-2, at 3) contradict known facts about Mr. Grant's Complaint, such as the Delta Representative who suspended Mr. Grant on

4

August 16, 2024, being Christopher Joseph, not Dennis Garza. The Plaintiff asked the Court to notice something that possibly was overlooked (*See* ECF No. 55-2 *Exhibit B. Hon. Alan D. Albright 2020- Disclosures*) Any correlations to the same corporation the Defendant disclosed on **February 24, 2025** (*See* ECF No. 6 *Defendant's Rule 7.1 Disclosure Statement*) before the convenient transfer of the case for Delta Air Lines Inc. on **March 25, 2025** (*See* ECF No. 15) which was not filed before the 26(f) Conference on **March 27, 2025**, due to case documents wet stamped for the Honorable Robert Pitman (Stricken ECF No.14, 4th Amended Complaint dated March 27, 2025). This document proves that on March 25, 2025, this case was not assigned to the Hon Alan D. Albright.

### C. Request to Vacate Ruling on Delta's Third Motion to Dismiss and Compel Supplemental Initial Disclosures as contractually via (Josh Ordiway, Counsel for Delta Air Lines' Inc.) agreed in E-mail Dated June 24, 2025 (*See* ECF 49-4)

Delta Air Lines, Inc. had an agreement to make corrections to the Defendant's Objections and Initial Disclosures filed by Mr. Grant based on an email from the representation for Delta. (*See* ECF 49-4 *Email dated June 24, 2025*). Not disclosing the information agreed upon is considered a breach of the agreement and further illustrates the lack of cooperation from Delta, further demonstrating the necessity to provide justice on this case. Delta honoring the order to Stay Discovery but ignoring Federal Rules of Civil Procedure still is a failure to follow the law. The Stay is at the discretion and cannot be enforced, but based on an agreement, Delta is deliberately breaching a contractual agreement. The court must be able to determine what, in fact, the parties agreed to in order to enforce a contract. *Matter of 166 Mamaroneck Ave. Corp. v. 151 E. Post Rd. Corp.*, 78 N.Y.2d 88, 91 (1991); *Korff v. Corbett*, 18 A.D.3d 248, 250 (1st Dept. 2005). Clearly, in the Email, Delta agreed to correct the issues in good faith.
FURTHER, proving Delta has never intended to properly settle or address the concerns of Mr. Grant nor the Court by ignoring Fed. R. Civ. P Rule 26, and allowing the invocation of Fed. R. Civ. P Rule 37 by refusing to simply fulfill obligations in accordance with Fed. R. Civ. P Rule 26 for discovery.

### D. <u>Opportunity to Amend Complaint</u>

Delta has failed to acknowledge the fact that they are not aware of all the facts pertaining to the termination of Mr. Grant. The Plaintiff was wrongfully suspended and later terminated by a phone call from Christopher Joseph. This fact contradicts the disclosure of Dennis Garza's allegation of suspending Mr. Grant. (*See* ECF No. 49-2 at 3). Without knowledge of who terminated or actually counseled Mr. Grant solidifies that Delta does not know the crucial facts needed for this case. Discovery would provide the unwanted transparency to Delta and the Court of Mr. Grant's wrongful termination.  The amended complaint would not have been necessary if Delta had provided the initial disclosures and cooperated before the motion to compel was filed. A Stay of Discovery stops the opposing party from seeking discovery it does not stop the Defendant, Delta, from Fed. R. of Civ. P. Rule 15 aims to provide flexibility and fairness by allowing parties to fully present their cases as they develop. It also promotes efficiency by mitigating the need for new lawsuits due to initial pleading errors. The overall goal is to ensure that cases are decided based on their substantive merits rather than procedural flaws. In summary, while there isn't a right to "unlimited" amendments, Federal Rule of Civil Procedure 15 and related case law strongly support a liberal approach to amending complaints to facilitate the pursuit of justice by ensuring cases are decided on their merits. Due to Delta's lack of adherence to case law before the Court, lack of cooperation, lack of transparency, and confliction with direct evidence proves there is a dire need for discovery and plausibility of some illegal or unethical act. The Supreme Court has emphasized a liberal policy regarding amendments, stating in *Foman v. Davis* that denying leave to amend without a valid reason is an abuse of discretion.  Delta Air Lines, Inc. opposed any hearing pertaining to this case. (See ECF No. 55-3. *Email dated October 20, 2025, Delta Opposes any hearings.")*. As noted, with a plethora of direct evidence, Delta, through their counsel, has done things that should have been held accountable. If Delta asked their counsel to file anything discriminatory, illegal, or immoral, that would cause for professional discretion. The same decorum and discernment should be maintained and upheld regardless of the entity, person, or situation being litigated.

## E. CONCLUSION

In CONCLUSION, the Plaintiff requests that the Court grants the motion for a status conference/hearing (on **December 23, 2025 or any day that does not cause wrongful injury to any party at 0900 at Austin Courtroom; the Defendant must provide a party (C-Suite Officer or someone that can make decision pertaining to negotiations and legal matters on behalf of Delta Air Lines, Inc. besides their named attorneys on the docket.** to publish a Scheduling Order granting the necessary time to conduct discovery, preserving the rights of the Plaintiff. Clarify disposition of motions to include: Motion to Compel Initial Disclosures, and a conference for possible sanctions against Delta Air Lines, Inc., for failure to disclose. The Plaintiff asks the Court to vacate the Order granting a stay of discovery on behalf of Delta Air Lines, Inc. Vacating the Stay of Discovery will allow Delta Air Lines, Inc. to properly disclose the initial disclosures as agreed via email. Due to facts not reflecting disclosures from Delta Air Lines, Inc. concerning the termination of Mr. Grant and the plausibility of Mr. Grant being falsely listed as a person who damaged aircraft and equipment during his employment. All of which will need discovery. The verification through discovery and or disclosure would reveal hidden motives for terminating Mr. Grant because of his protected demographics and the facts of retaliation. After proper disclosures from Delta Air Lines, Inc. have been received, the Plaintiff can perfect his complaint from facts gathered and correct the clerical error of not including the counts of retaliation. The Plaintiff also requests that the Court add the mandated Alternative Dispute Resolution deadline to the Scheduling Order, allowing the proper time to conduct the ADR conferences.

Respectfully Submitted, **December 17, 2025**

/s/ *KENTREZ GRANT*
Kentrez Grant
(Pro Se)
4516 Burleson Rd.
#17848
Austin, TX 78744
Telephone:(254)458-9661
kentrez_78@yahoo.com

7

## DECLARATION

The undersigned declares under penalty of perjury that, to the best of my knowledge, the statements in the above reply are true and all disclosures filed by Kentrez Grant, with the Court since January 31, 2025 are true and are as kept in their original state except for privacy redactions if used.

Austin, Texas, this 17th day December, 2025.

_____
Kentrez Grant
(Pro Se)
Plaintiff

## TEXAS NOTARY ACKNOWLEDGMENT

State of Texas
County of Travis

Before me, IVY PACHECO on this day personally appeared KENTREZ GRANT, known to me (or proved to me on the oath of N/A or through Texas Driver License to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this 17th day of December, 2025.

(seal)

IVY PACHECO
Notary Public, State of Texas
Comm. Expires 01-15-2029
Notary ID 135231489

_____
IVY PACHECO
Notary Public Signature

8

## CERTIFICATE OF SERVICE

I hereby certify that on **December 17, 2025**, I electronically submitted the foregoing document with the clerk of the Court for the U.S. District Court, Western District of Texas, and electronically served same using the Case Management/Electronic Case Filing (CM/ECF) system of the Court. I further certify that a true and correct copy of the foregoing was served upon ATTORNEYS FOR DEFENDANT DELTA AIR LINES, INC.:

Celeste R. Yeager at email cyeager@littler.com and Josh K. Ordiway at jordiway@littler.com and mailed via UPS at:

LITTLER MENDELSON, P.C.

2001 Ross Avenue, Suite 1500

Dallas, TX 75201

    /s/ *KENTREZ GRANT*
Kentrez Grant
(Pro Se)
4516 Burleson Rd.
#17848
Austin, TX 78744
Telephone:(254)458-9661
kentrez_78@yahoo.com