**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **KENTREZ GRANT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:25-cv-00154-ADA** |
| | § | |
| **DELTA AIR LINES, INC.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND OPPOSED MOTION FOR RECONSIDERATION**

Defendant Delta Air Lines, Inc. files this Response to Plaintiff Kentrez Grant's Second Opposed Motion for Reconsideration ("Motion"). *See* ECF No. 63. Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), Grant's Motion requests that the Court reconsider its Order granting Delta's Third Motion to Dismiss and dismissing this case with prejudice. *See* ECF No. 62. Because neither Rule 59(e) nor Rule 60(b) contemplates the extraordinary relief that Grant seeks, the Court should deny Grant's Motion.

**I.    Grant Fails to Establish Grounds for Relief Under Rule 59(e).**

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Doss v. Morris*, SA-11-CV-00116-DAE, 2013 WL 3050298, at *2 (W.D. Tex. June 17, 2013) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004)). "A motion to alter or amend the judgment under Rule 59(e) 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Id.* (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003)). In other words, "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Rivera v. Garza*, 21-20605, 2022 WL 2752224, at *1 (5th Cir. July 14, 2022) (quoting *Templet*, 367 F.3d

at 478–79).

"Under Rule 59(e), there are three primary grounds for reconsideration: (1) an intervening change in the controlling law, (2) newly discovered evidence, or (3) manifest error of law or fact." *Doss*, 2013 WL 3050298, at \*2 (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Id.* (citing *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)).

Here, Grant's Motion fails to show an intervening change in controlling law, newly discovered evidence, or manifest error of law or fact. Instead, Grant's Motion merely rehashes the legal theories and arguments he already raised—or could have raised—before the Court's entry of judgment. *See* ECF Nos. 11 (Plaintiff's Response to Defendant's Motion to Dismiss), 18 (Plaintiff's First Motion to Recuse), 19 (Plaintiff's Response to Defendant's Partial Motion to Dismiss), 40 (Plaintiff's Motion to Compel Defendant's Initial Disclosures), 42 (Plaintiff's Response to Defendant's Third Motion to Dismiss), 59 (Plaintiff's Second Motion to Recuse). Regarding Delta's Third Motion to Dismiss, Grant essentially asks the Court to re-weigh the arguments he made in response and reach a different outcome. *See* ECF No. 63 at 10–11, 16 (arguing that he was treated differently than non-Black and non-disabled coworkers).

Because Grant merely rehashes arguments that he already made, or could have made, and fails to show an intervening change in controlling law, newly discovered evidence, or manifest error of law or fact, he cannot seek relief under Rule 59(e).

## II.    Grant Fails to Establish Grounds for Relief Under Rule 60(b).

"Relief under Rule 60(b) is an extraordinary remedy." *Gregory v. Willis*, EP-17-CV-352-PRM, 2018 WL 9362560, at \*1 (W.D. Tex. July 25, 2018) (cleaned up) (citing *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998)). "It applies 'to those cases in which the true merits of a case

might never be considered because of technical error, or fraud or concealment by the opposing party, or the court's inability to consider fresh evidence.'" *Id.* (citing *Fackelman v. Bell*, 564 F.2d 734, 735 (5th Cir. 1977)). "Rule 60(b) permits a district court to grant relief from a final judgment, order, or proceeding for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) a satisfied, released or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment." *Id.* (citing FED. R. CIV. P. 60(b)).

First, Grant seeks relief from the Court's order for "mistake, inadvertence, surprise, or excusable neglect." ECF No. 63 at 21; *see* FED. R. CIV. P. 60(b)(1)). "'Mistake' in this context means an error in the judgment that 'affects the substantive rights of the parties.'" *Gregory*, 2018 WL 9362560, at \*2 (quoting *Jones v. Anderson-Tully Co.*, 722 F.2d 211, 212 (5th Cir. 1984)). "'Inadvertence' suggests that '[n]o one was really at fault,' but the court must correct an error in the judgment." *Id*. (quoting *Murray v. Ford Motor Co.*, 770 F.2d 461, 465 (5th Cir. 1985)). "A party may seek relief from a judgment on the ground of 'surprise' only if it is also unfair." *Id*. (quoting *Jones v. United States*, 255 F.3d 507, 511 (8th Cir. 2001)).

As for excusable neglect, "[t]he determination of whether neglect is excusable is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id*. (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "[G]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." *Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019) (quoting *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993)). "[T]he court is to consider prejudice to the opposing party, length of the delay, and reason for the delay in determining whether the claimant's neglect was excusable and the delay was made in good faith." *Gregory*,

2018 WL 9362560, at *2 (quoting *Silvercreek Mgmt., Inc., v. Banc of Am. Sec., LLC*, 534 F.3d 469, 472 (5th Cir. 2008)).

Here, Grant claims that "an awkward trend of mistakes through the management of this case and administrative complaints at the US Court of Appeals 5th Circuit" constitute mistake, inadvertence, surprise, or excusable neglect. *See* ECF No. 63 at 21. While it is difficult to follow, Grant seems to claim that sequences of digits in the URLs of the Court's Electronic Case Filing system are allegedly "forged." ECF No. 63 at 11–12. Grant fails to adequately explain how a forgery occurred; in any event, he has not identified how a specific mistake, including the alleged "forgery," affected his substantive rights. *See Gregory*, 2018 WL 9362560, at *2. Further, the actions of the Fifth Circuit Court of Appeals have no bearing on whether this Court correctly ruled on Delta's Third Motion to Dismiss. Grant identifies no other "inadvertence, surprise, or excusable neglect" that occurred that justifies the Court setting aside its order grating Delta's Third Motion to Dismiss. He thus cannot seek relief under Rule 60(b)(1).

Second, Grant claims there was "fraud, misrepresentation, or misconduct" by Delta. *See* FED. R. CIV. P. 60(b)(3). In support, he claims that Delta neglected "to engage meaningfully in the process of outlining how discovery will be conducted in the case. Delta always simply said a Motion to Dismiss is filed." ECF No. 63 at 21. These actions hardly constitute "fraud, misrepresentation, or misconduct." Delta took a transparent (and reasonable) approach to the litigation, informing Grant that Defendant wanted to wait to conduct discovery until after the Court ruled on the pending motion to dismiss to determine what, if any, discovery was necessary. Grant also baselessly surmises that Delta failed to preserve electronically stored information. *Id*. Grant provides no evidence that this occurred, instead speculating that Delta "more than likely" destroyed or lost information relevant to this case. Such a conclusory accusation fails to show

fraud, misrepresentation, or misconduct. *Id*.

Grant also claims that Delta failed to respond to discovery requests. This is incorrect. As Grant's own Motion references, Delta *did* respond to Grant's discovery requests on June 20, 2025. *See* ECF No. 63 at 21; ECF No. 49-4 at 3. After Grant requested that Delta re-serve its interrogatory responses with a verification, Delta committed to doing so on June 24, 2025. *See* ECF No. 49-4 at 1. On June 26, 2025, however, the Court stayed discovery, absolving Delta of engaging in continued discovery. ECF No. 47. Delta thus complied with its discovery obligations during these proceedings.

Third, Grant claims that the judgment is "void." *See* FED. R. CIV. P. 60(b)(4). "A void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Sec. & Exch. Comm'n v. Novinger*, 40 F.4th 297, 302 (5th Cir. 2022) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010)). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id*. The right to notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. at 303 (citing *Espinosa*, 559 U.S. at 272). Because Grant does not allege that this Court lacks jurisdiction to hear his claims, the "only inquiry is whether the district court acted in a manner so inconsistent with due process as to render the judgment void." *Id*. (citing *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 210 (5th Cir. 2003)). "Such circumstances are rare because due process in civil cases usually requires only proper notice and service of process and a court of competent jurisdiction." *Callon Petroleum*, 351

F.3d at 210. Critically, if a party receives "'actual notice of the filing and contents of' the judgment[], [his] due process rights were 'more than satisfied.'" *Novinger*, 40 F.4th at 304 (citing *Espinosa*, 559 U.S. at 271).

Here, Grant's filing of the instant Motion obviously proves that he received notice of the Court's order dismissing his complaint with prejudice. His grievances instead lie, once again, with Judge Albright's alleged bias. ECF No. 63 at 22. Grant spends much of his Motion rehashing his arguments that Judge Albright should recuse himself from these proceedings. Not only are these arguments not what Rule 60(b)(4) contemplates, but the Court has already heard, and rejected, these arguments. *See* ECF Nos. 18 (Plaintiff's First Motion to Recuse), 29 (Court's order finding "no credible claim of bias or partiality stemming from an extrajudicial source, nor can any objective, convincing basis for recusal be found"). Accordingly, Grant fails to show that the Court's judgment is void under Rule 60(b)(4).

Fourth, Grant seeks refuge in Rule 60(b)'s catch-all provision allowing relief from a final judgment for "any other reason that justifies relief." *See* FED. R. CIV. P. 60(b)(6). "Rule 60(b)(6)'s 'any other reason' clause is a 'grand reservoir of equitable power' to do justice in a case when relief is not warranted by the other five enumerated grounds, but its availability is limited: relief will be granted only if 'extraordinary circumstances' are present. *Phillips v. J.P. Morgan Chase Bank, N.A.*, 1:18-CV-501-RP, 2020 WL 8052919, at *1 (W.D. Tex. Aug. 15, 2020) (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)). Even a "change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment." *Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir. 1990).

Grant presents no evidence of "extraordinary circumstances." Parsing through Grant's disjointed arguments, he appears to claim that the Court's order dismissing the case did not reference his operative complaint by ECF number and allegedly "refused to acknowledge Mr. Grant as the Plaintiff and Delta as the Defendant." *See* ECF No. 63 at 22. Such mundane matters fall far short of the "extraordinary circumstances" contemplated by Rule 60(b)(6).

For the foregoing reasons, Delta respectfully requests that this Court deny Plaintiff's Second Opposed Motion for Reconsideration.

Dated: April 27, 2026

Respectfully submitted,

*/s/Josh K. Ordiway*

Celeste R. Yeager
Texas Bar No. 00797715
cyeager@littler.com
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, Texas 75201.2931
Telephone:     214.880.8100
Facsimile:     214.880.0181

Josh K. Ordiway
Texas Bar No. 24126538
jordiway@littler.com
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone:     512.982.7250
Facsimile:     512.982.7248

**ATTORNEYS FOR DEFENDANT
DELTA AIR LINES, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 27, 2026, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, and electronically served same using the Case Management/Electronic Case Filing (CM/ECF) system of the Court. I further certify that a true and correct copy of the foregoing was served upon the following via e-mail and USPS mail:

Kentrez Grant
4516 Burleson Road, #17848
Austin, Texas 78744
Kentrez_78@yahoo.com

***Pro Se Plaintiff***

/s/Josh K. Ordiway
Celeste R. Yeager
Josh K. Ordiway